COMMONWEALTH *vs.* JEANET CLARKE.

Middlesex.    May 2, 1966. — May 12, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Practice, Criminal,* Stipulation.

In the circumstances, on a report in a criminal case of questions whether knowledge is a necessary element of the crime with which the defendant was charged, unlawfully carrying firearms under her control in a motor vehicle, and, if knowledge is essential, whether the fact that the firearms were in a vehicle owned and operated by the defendant "create[d] a case," a stipulation that the defendant was "lawfully arrested" and that she had no knowledge of the presence of the firearms in the vehicle was set aside as not suitable to a decision of the reported questions, and the report was discharged and the case remanded to the Superior Court.

INDICTMENT found and returned on September 10, 1965.

The case was heard in the Superior Court by *Bolster,* J.

*Joseph J. Balliro* for the defendant.

*Aaron K. Bikofsky,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

WILKINS, C.J.    In the Superior Court a judge found the defendant guilty of "unlawfully carry[ing] under her control in a motor vehicle a certain firearm without authority." G. L. c. 269, § 10.    The case comes to us on report (G. L. c. 278, § 30) of two questions: (1) Whether knowledge, actual or constructive, is a necessary element of the crime. (2) If it is, whether the fact that the firearms were in a vehicle owned and being operated by the defendant creates a case for the tribunal of fact.

The case was tried on stipulated facts.    The defendant "was lawfully arrested" about 11:15 P.M. on July 30, 1965, in Somerville.    Two firearms were found on the floor behind the driver's seat.    She had no knowledge of their presence.    The statute does not contain the word "knowingly" or its equivalent, and provides for a possible sen-

tence of two and one-half to five years "in the state prison" or for a shorter term in the house of correction.

Where conducive to justice, a court may set aside a stipulation made by the parties. *Loring* v. *Mercier,* 318 Mass. 599, 601, and cases cited. This is the present situation. We feel strongly that the stipulated facts make a presentation not best suited for deciding the reported questions. The paramount issue of the defendant's knowledge is withdrawn from the field of practical affairs, where it appropriately belongs, and in substitution there is a question resembling one from a law examination. This blind record precludes the drawing of inferences from the circumstances of the arrest, including such important facts as the ground therefor, the exact place where it was made, where the defendant was coming from, where she was going, the identity of any passengers in the car, their relationship to the defendant, and the reason for their presence. The testimony of the officer or officers making the arrest and of perhaps others could furnish much significant information now lacking.

Accordingly, we set aside the stipulation, discharge the report, and remand the case to the Superior Court for further proceedings.

*So ordered.*