COMMONWEALTH *vs.* OSMUND E. BOONE.

Norfolk. May 5, 1969. — May 30, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Firearms: Motor Vehicle,* Unauthorized use, Firearms.

At the hearing of an indictment under G. L. c. 90, § 24 (2) (a), for using a motor vehicle "without authority knowing that such use" was unauthorized, evidence merely that the defendant was seated in the front passenger's seat of a motor vehicle with another person in the driver's seat at a place where apparently the vehicle had been stopped by police, and that the owner of the vehicle had not authorized either occupant to use it required granting of the defendant's request for a ruling that he must be found not guilty. [87]

In order to prove the "control" of a firearm in a vehicle necessary for a conviction under G. L. c. 269, § 10, the defendant must know that the firearm is in the vehicle, and evidence merely that a firearm was found

under the driver's seat of a vehicle about forty minutes after the defendant had left its front passenger seat and another person had left the driver's seat and that the owner of the vehicle had not authorized either occupant to use it required granting of the defendant's request for a ruling that he must be found not guilty. [87–88]

Two INDICTMENTS found and returned in the Superior Court on February 4, 1966.

The cases were heard by *Beaudreau*, J.

*Ronald J. Chisholm* (*Gerard F. Schaefer* with him) for the defendant.

*Richard W. Barry*, Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. These are indictments charging the defendants James H. Moore and Boone with violation of (No. 40,430) G. L. c. 269, § 10, for carrying under "his" control in a motor vehicle an automatic pistol without authority; and of (No. 40,431) G. L. c. 90, § 24 (2) (a), for using a motor vehicle upon a certain way without the authority of the owner. Only the defendant Boone was tried, and he was found guilty on both indictments by a judge sitting without jury in a trial subject to G. L. c. 278, §§ 33A–33G. Case No. 40,431 was placed on file. On indictment No. 40,430 he was sentenced to a term of imprisonment. He appealed and argues that the denial of his requests for rulings that he be found not guilty was error.

Counsel stipulated that the owner of the motor vehicle, if present, would testify that he did not authorize either defendant to use it. The owner's name was not given, and he was not otherwise described.

The only witness was a corporal in the State police. On August 18, 1965, pursuant to a call, he went to a certain intersection in Wellesley about 3:50 P.M. He observed a Wellesley police cruiser stopped beside a certain car in which the defendants were seated, Moore inferentially in the driver's seat and Boone in the front passenger's seat. The defendants were taken to the police station, where they were placed under arrest. The car was towed to a gasoline station, where it was searched about 4:30 P.M., and an auto-

matic weapon and a fully loaded clip were found under the driver's seat.

We are of opinion that both requests should have been granted. The evidence is extremely sketchy. Nothing is shown about the owner of the motor vehicle except the absence of authority to operate. The presence of the motor vehicle at the place where apparently it was stopped by the Wellesley police is unexplained. Other circumstances are unknown.

1. The indictment under G. L. c. 90, § 24 (2) (a), is based on the provision, "whoever uses a motor vehicle without authority knowing that such use is unauthorized." The testimony of the owner that he had not authorized either defendant to use the motor vehicle is not enough, without more, to convict the defendant passenger of knowledge that its use was unauthorized. The quotation in the Commonwealth's brief from *Commonwealth* v. *Coleman*, 252 Mass. 241, 243, is not in point, as G. L. c. 90, § 24, has since been amended to include the words, "knowing that such use is unauthorized." St. 1926, c. 253.

2. The pertinent provision of G. L. c. 269, § 10 (as amended through St. 1957, c. 688, § 23), punishes "[w]hoever . . . carries . . . under his control in a vehicle, a firearm . . . loaded or unloaded, without permission . . . ." There is no express requirement of knowledge, but it would not be a reasonable interpretation that a weapon is within the control of someone who does not know that he has it. Indeed, the Commonwealth, while contending that knowledge is not an essential element of unlawful carrying, concedes that knowledge is necessary to prove control. It is not enough to place the defendant and the weapon in the same car. See *Commonwealth* v. *Clarke*, 350 Mass. 721, 722. We would not feel justified in ruling that knowledge is not necessary where the penalty is so severe. We do not agree that there was evidence from which knowledge could be inferred. Cases such as *Commonwealth* v. *Moscatiello*, 257 Mass. 260, where the defendant was owner and operator, and *Commonwealth* v. *Miller*, 297 Mass. 285, where the defendant was an

owner and at least a passenger, if not the driver, are not authorities against the defendant Boone. See *Commonwealth* v. *Fancy*, 349 Mass. 196, 204.

Ordinarily we would not consider the appeals in a case which was placed on file. *Commonwealth* v. *Locke*, 338 Mass. 682, 684. *Commonwealth* v. *Subilosky*, 352 Mass. 153, 165. In the cases at bar, however, it is apparent that both should be brought to a final termination now. Accordingly, in case No. 40,430 the judgment is reversed, and the finding is set aside. In case No. 40,431, the finding is set aside. In each case judgment is to be entered for the defendant Boone.

*So ordered.*