COMMONWEALTH *vs.* ERNEST M. ALBANO. October 21, 1976. The complaint is for carrying a firearm under one's control in a vehicle without being properly licensed (G. L. c. 269, § 10[a], as appearing in St. 1975, c. 113, § 2); the sole exception is to the denial of the defendant's motion for a directed verdict presented at the close of the Commonwealth's case. See *Commonwealth* v. *Kelley,* 370 Mass. 147, 149-150 (1976). That denial was error. The only justification for the officer's questioning the defendant following the latter's voluntarily stopping the car in question at 4:30 A.M. in a lighted business district was that the car was being operated without lights and the officer could not read the license plate. The officer ascertained that the defendant's driver's license, the car's registration, and the vehicle identification number were all in order, and that the defendant was not the owner of the car. There was nothing to suggest that the car had been stolen or was being operated without the authority of the owner; the officer "had no intention of arresting . . . [the defendant] because he did not know of any arrestable offenses at that time." The officer never saw the gun on the defendant's person. Although the area in which the car stopped was well lighted, the officer did not discover the inch and one half of the butt of the gun "underneath" the driver's seat until he shined his flashlight into the car following the defendant's voluntarily opening the door on the driver's side, apparently on the defendant's own initiative. Whether any portion of the gun was visible to anyone seated in the driver's seat is conjectural. There was no other evidence bearing on the

paramount question (*Commonwealth* v. *Clarke,* 350 Mass. 721, 722 [1966]) whether the defendant had any knowledge of the presence of the gun prior to its discovery by the officer. See *Commonwealth* v. *Boone,* 356 Mass. 85, 87 (1969); *Commonwealth* v. *Jackson,* 369 Mass. 904, 916-917 (1976). In particular, there was no evidence of how long the car had been in the defendant's possession, or as to whether he had ever used it on any prior occasion. Contrast *Commonwealth* v. *Fancy,* 349 Mass. 196, 204 (1965). The case is governed in principle by *Commonwealth* v. *Boone,* 356 Mass. at 87 ("It is not enough to place the defendant and the weapon in the same car") rather than by such cases as *Commonwealth* v. *Moscatiello,* 257 Mass. 260, 261, 262 (1926), and *Commonwealth* v. *Miller,* 297 Mass. 285, 286-287 (1937). The question now under consideration was not involved in *Commonwealth* v. *Mendes,* 361 Mass. 507, 514-515 (1972).

*Exceptions sustained.*
*Judgment for the defendant.*

*Herbert D. Lewis* for the defendant.
*James W. Sahakian,* Special Assistant District Attorney, for the Commonwealth.