COMMONWEALTH *vs.* CHESTER A. SCARBOROUGH.

Worcester.    April 11, 1977. — May 10, 1977.

Present: HALE, C.J. GOODMAN, & GRANT, JJ.

*Practice, Criminal,* Directed verdict. *Receiving Stolen Property.*

Evidence at a criminal trial that the defendant was a passenger in an automobile and that stolen property was discovered in the locked trunk of the automobile was insufficient to warrant conviction of the defendant on an indictment under G. L. c. 266, § 60.  [303-304]

INDICTMENT found and returned in the Superior Court on November 7, 1973.

The case was tried before *Beaudreau,* J.

*John C. McBride* for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

GOODMAN, J.    At a jury trial held subject to the provisions of G. L. c. 278, §§ 33A-33G, the defendant was convicted on an indictment charging that he "did buy, receive, and aid in the concealment of" stolen goods. G. L. c. 266 § 60. The indictment was tried together with two other indictments, one charging him with unlawful possession of a controlled substance (cocaine) with intent to distribute and another charging him with unlawful possession of a firearm. The jury were unable to reach a verdict on either of those indictments, and the judge declared a mistrial as to them. Three indictments were also returned against one Bianco, charging him with the same three offenses. The trial was commenced against the defendant and Bianco, but during the course of the trial Bianco pleaded guilty to all three indictments.

We need discuss only the defendant's assignment of error relating to the denial of his motion for directed ver-

dict made at the close of the Commonwealth's case. (*Commonwealth* v. *Kelley*, 370 Mass. 147, 149-150 [1976].) The other assignments of error relate principally to the other two indictments on which a mistrial was declared.

We agree with the defendant that there was insufficient evidence to warrant submitting to a jury the indictment charging a violation of G. L. c. 266, § 60. The following appears from the evidence introduced during the Commonwealth's case: Acting on a tip from an informant, police officers on June 28, 1973, were watching a specific room of a motel in Shrewsbury. They were secreted in an unmarked camper parked in the motel's parking area in the vicinity of that room. At about 9:20 P.M. an automobile drove into the parking area and pulled up directly outside the door of that room. Bianco alighted, and as he was about to knock at the door of the room he was arrested; Bianco was the owner and operator of the automobile. Also arrested was the defendant, who was a passenger. The police found three tinfoil packets, containing cocaine, beneath the front passenger seat on the floor; they also found a loaded pistol protruding from the visor on the passenger side. Thereafter the police unlocked the trunk of the automobile and found (among other things) a calculator and an adding machine. These turned out to have been stolen about a month earlier from a company located in Millbury and were the basis for the indictment on which the defendant was convicted.

Whatever relationship could be inferred to exist between Bianco and the defendant as to the cocaine, the evidence is insufficient to connect the defendant with the business machines in the locked trunk of Bianco's automobile. General Laws c. 266, § 60, does indeed speak broadly of "[w]hoever buys, receives or aids in the concealment of stolen ... property, knowing it to have been stolen," but the evidence that the defendant was a passenger in Bianco's automobile, without more, is insufficient to satisfy the required statutory elements of conduct and knowledge. It is not enough to place the defendant and the stolen goods in the same car under circumstances where no other

relationship to the goods or knowledge that they were stolen can be inferred. *Commonwealth* v. *Boone*, 356 Mass. 85, 86-87 (1969). *Commonwealth* v. *Albano*, 4 Mass. App. Ct. 843 (1976). Cf. *Commonwealth* v. *Boris*, 317 Mass. 309, 313-314 (1944); *Commonwealth* v. *Matheson*, 328 Mass. 371, 372-373 (1952); *Commonwealth* v. *Quish*, 356 Mass. 718 (1969); *Commonwealth* v. *Carroll*, 360 Mass. 580, 586 (1971); *Commonwealth* v. *Sandler*, 368 Mass. 729, 739-742 (1975); *Commonwealth* v. *Smith*, 3 Mass. App. Ct. 144, 146 (1975).

Accordingly, the judgment in indictment number 61668 is reversed, and the verdict is set aside. Judgment is to be entered for the defendant on that indictment.

*So ordered.*