COMMONWEALTH vs. ERNEST M. ALBANO.

Middlesex.    April 4, 1977. — July 25, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Firearms.   Motor Vehicle,* Firearms.   *Practice, Criminal,* Directed ver-
    dict.

At the trial of a complaint charging the defendant with carrying a fire-
    arm in a vehicle in violation of G. L. c. 269, § 10 (*a*), evidence that
    the defendant was driving in a commercial area at 4:30 A.M. with-
    out lights and with the rear license plate on his automobile obscured,
    that he was seen stopping at a business establishment which was
    closed, that the defendant appeared nervous when questioned by
    police, and that the butt of the gun was protruding from beneath his
    seat warranted a finding that the defendant had knowledge of the
    presence of the weapon.  [135-136]

COMPLAINT received and sworn to in the District Court
of Somerville on July 21, 1975.

On appeal to the Superior Court the case was tried be-
fore *Linscott,* J.

After review by the Appeals Court the Supreme Judicial
Court granted leave to obtain further appellate review.

*James W. Sahakian,* Assistant District Attorney, for the
Commonwealth.

*Herbert D. Lewis* for the defendant.

*Garrett H. Byrne,* District Attorney for the Suffolk
district, amicus curiae, *Alvan Brody,* Assistant District
Attorney, & *James E. Caffrey,* Special Assistant District
Attorney, submitted a brief.

ABRAMS, J.    Ernest M. Albano was tried in the Superior
Court on the charge of carrying a firearm under his control
in a vehicle in violation of G. L. c. 269, § 10 (*a*). A motion
for a directed verdict was denied, his case submitted to the
jury, and a guilty verdict returned. A mandatory one-year
sentence was imposed on the defendant. Albano's amended
bill of exceptions was allowed by the court, and, on October

21, 1976, the Appeals Court sustained his exception to the denial of his motion for a directed verdict and entered judgment for the defendant. See *Commonwealth* v. *Albano,* 4 Mass. App. Ct. 843 (1976). We granted the Commonwealth's application for further appellate review. We affirm the judgment of the Superior Court.

The relevant facts are as follows: At approximately 4:30 A.M. on July 20, 1975, a Metropolitan District Commission police officer, while sitting in a cruiser at the intersection of Broadway and Monsignor McGrath Highway in Somerville, observed an autombile, operating without headlights or taillights, proceeding toward him on Broadway. The officer was unable to read the license plate. Moving very slowly, the car turned onto Monsignor McGrath Highway and came to a stop in front of Duddy's Tire Store, which was closed. The officer watched the vehicle for about one minute, and then drove up alongside the car. Albano was sitting in the driver's seat; there was an unidentified male in the front passenger's seat.

The officer asked Albano what they were doing there. Albano responded that they were "waiting for a couple of chicks." The officer examined Albano's license and the automobile registration. Both were valid. The registration indicated that the car was owned by Albano's father. Subsequently, it was learned that the elder Albano approved his son's use of the car.

The officer then inspected the exterior of the vehicle. The back license plate was not visible from the rear of the vehicle because a metal can had been "jammed" behind it. Sometime during this period Albano voluntarily opened the driver's door and left it completely ajar. Shining his flashlight into the car, the officer viewed the butt of a gun protruding one and one-half inches from beneath the driver's seat. The officer seized the gun, and after Albano stated that he had no permit to carry the firearm, the officer placed him under arrest.

The sole issue on appeal is the sufficiency of the evidence introduced by the Commonwealth as to the defendant's knowledge of the presence of the gun. See *Common-*

wealth v. *Baron,* 356 Mass. 362, 365 (1969). Specifically, Albano claims that evidence of his knowledge of the gun's presence — an essential element of the crime, *Commonwealth* v. *Jackson,* 369 Mass. 904, 916 (1976), was lacking. The Appeals Court found that there was little or no additional evidence beyond the mere presence of the weapon in the automobile. Accordingly, it sustained the exception and ordered judgment for the defendant. We disagree with the Appeals Court's view of the evidence. We therefore affirm the judgment of the Superior Court.

We start with the proposition that "[i]t is not enough to place the defendant and the weapon in the same car." *Commonwealth* v. *Boone,* 356 Mass. 85, 87 (1969). Presence alone cannot show the requisite knowledge, power, or intention to exercise control over the firearm, but presence, supplemented by other incriminating evidence, "will serve to tip the scale in favor of sufficiency." *United States* v. *Birmley,* 529 F.2d 103, 108 (6th Cir. 1976). The defendant's knowledge is personal to him; there is no substitute for personal knowledge. *Commonwealth* v. *Holiday,* 349 Mass. 126, 128 (1965). *Commonwealth* v. *Boris,* 317 Mass. 309, 315-316 (1944), and cases cited.

Classically, knowledge is proved by resort to "proof by inference from all the facts and circumstances developed at the trial." *Commonwealth* v. *Holiday,* 349 Mass. 126, 128 (1965), and cases cited. The jury are free to draw an inference of guilty knowledge "unless the inference either is forbidden by some special rule of law, or is declared unwarranted because too remote, according to the ordinary course of events." *Commonwealth* v. *O'Brien,* 305 Mass. 393, 401 (1940). "It is not essential that the inferences drawn from facts or circumstances be necessary inferences .... It is enough if the inferences drawn from the circumstances be reasonable and possible.... The weight of the evidence is for the jury." *Commonwealth* v. *Medeiros,* 354 Mass. 193, 197 (1968), cert. denied sub nom. *Bernier* v. *Massachusetts,* 393 U.S. 1058 (1969), and cases cited therein. We must be satisfied only that competent evidence was presented relating to each essential element of

the crime. *Commonwealth* v. *Hollis,* 170 Mass. 433, 436 (1898).

The defendant argues — and the Appeals Court held — that the evidence introduced at trial tended to show only that he was present in the vehicle at the time the weapon was discovered. If the defendant is correct in his assertion, the evidence would be insufficient to support the inference of knowledge, and a directed verdict proper. *Commonwealth* v. *Boone,* 356 Mass. 85 (1969). See also *Commonwealth* v. *Flaherty,* 358 Mass. 817 (1971).

On review of the record, however, we find sufficient circumstantial evidence of the defendant's knowledge to warrant submission of the case to the jury. We summarize that evidence. The defendant, properly licensed, had permission of the registered owner (his father) to use the car. He was driving in a commercial area at 4:30 A.M. (something well within his right to do). He was driving without lights and with his rear license plate obscured (arguably deliberately so). Moreover, he was seen stopping in front of a business establishment closed at that hour; the area was well lit. The defendant appeared nervous when questioned and his response could be viewed by the fact finder as not credible. Lastly, the butt of the gun was protruding from beneath the defendant's seat, an area to which he had easy access.

Viewing, as we are bound to do, the above recounted evidence in a light most favorable to the government, *Commonwealth* v. *Sandler,* 368 Mass. 729 (1975), we hold that the trial judge acted properly in submitting the case to the jury. The circumstances, taken as a whole, see *Commonwealth* v. *Kelley,* 359 Mass. 77, 86 (1971), especially the observation of the car, the hour of the night and the defendant's behavior during the officer's questioning, see *Commonwealth* v. *Clarke,* 350 Mass. 721, 722 (1966), are sufficient to permit the case to be submitted to the jury.

Knowledge may be inferred when the prohibited item is found in open view in an area over which the defendant has control. See *United States* v. *Story,* 463 F.2d 326 (8th Cir.), cert. denied, 409 U.S. 988 (1972); *United States* v.

*Mix,* 446 F.2d 615 (5th Cir. 1971); *United States* v. *Holt,* 427 F.2d 1114 (8th Cir. 1970); *United States* v. *White,* 368 F. Supp. 470 (N.D. Ind. 1973); *Van Nostrand* v. *State,* 56 Ala. App. 141 (1975); *Lackey* v. *State,* 137 Ga. App. 358 (1976); *People* v. *O'Neal,* 35 Ill. App. 3d 89 (1975); *State* v. *Faulkner,* 220 Kan. 153 (1976); *Commonwealth* v. *Gatto,* 236 Pa. Super. Ct. 92 (1975); *Hazel* v. *State,* 534 S.W.2d 698 (Tex. Crim. App. 1976); *Fogg* v. *Commonwealth,* 216 Va. 394 (1975). Where, as here, there is some evidence which can support an inference of knowledge which is reasonable or possible, a motion for directed verdict must be denied. Cf. *Commonwealth* v. *Miller,* 297 Mass. 285 (1937). So long as there is some competent evidence, "the acceptance or rejection of oral testimony, in whole or in part, is within the exclusive province of the jury." *Commonwealth* v. *Holiday,* 349 Mass. 126, 129 (1965).

Accordingly, there was no error in the denial of the defendant's motion for a directed verdict.

*Judgment of the Superior Court affirmed.*