COMMONWEALTH *vs.* MICHAEL L. BENNEFIELD.

Hampden.    September 13, 1977. — September 28, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Firearms.  Motor Vehicle,* Firearms.

At the trial of indictments for possession of a shotgun with a barrel less than eighteen inches in length and knowingly carrying a firearm in a vehicle, evidence showing merely that the defendant was a passenger in the front seat of an automobile when a police officer observed a rear seat passenger attempting to shove a shotgun under the front seat was not sufficient to warrant an inference that the defendant was aware of the presence of the gun. [453-454]

INDICTMENTS found and returned in the Superior Court on August 27, 1975.

The cases were heard by *Smith,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Eileen Cenci* for the defendant.

*L. Jeffrey Meehan,* Special Assistant District Attorney, for the Commonwealth.

WILKINS, J.   The defendant was convicted in a jury waived trial of possession of a shotgun with a barrel less than eighteen inches in length in violation of G. L. c. 269, § 10 (*c*), and of knowingly carrying a firearm in a vehicle in violation of G. L. c. 269, § 10 (*a*). We transferred the appeals here for disposition.

The defendant argues that the Commonwealth's evidence did not warrant a finding that he knew the weapon was in the motor vehicle in which he was traveling and that, accordingly, his motions for findings of not guilty, presented at the conclusion of the Commonwealth's case, should have been allowed. Knowledge is an essential ele-

ment of each crime. *Commonwealth* v. *Jackson,* 369 Mass. 904, 916 (1976). The evidence did not warrant a finding that the defendant knew of the presence of the weapon in the motor vehicle; the motions for findings of not guilty should have been allowed; and we reverse the convictions.[1]

The defendant was a passenger in the front seat of a Cadillac motor vehicle which was stopped by the Springfield police about 11:00 P.M. on April 27, 1975. In addition to the defendant and the driver, there was a passenger in the rear of the vehicle. The evidence at the trial disclosed neither who owned the vehicle nor why the police stopped the vehicle, which had been under observation by the police for only two or three minutes. A police officer shined a flashlight on the floor of the rear of the vehicle exposing a shotgun, which the rear seat passenger attempted to kick or shove under the front seat.

This evidence was not sufficient to warrant an inference that the defendant was aware of the presence of the gun. In *Commonwealth* v. *Albano, ante,* 132 (1977), we recently considered the question whether an inference of knowledge was warranted where a gun was found in a motor vehicle. We noted that it is insufficient to show merely that both the defendant and a gun were in the same car. *Id.* at 134. *Commonwealth* v. *Boone,* 356 Mass. 85, 87 (1969). The evidence must be sufficient to warrant a reasonable inference of personal knowledge of the presence of the gun. In the *Albano* case, the defendant was driving his father's car in a commercial area at 4:30 A.M. without lights and with his rear license plate obscured. He stopped in front of a business establishment which was closed at that hour. He appeared nervous when questioned. The butt of a gun was protruding from beneath the driver's seat, an area readily accessible to him. In the case now before the court, none of these factors is present. It did not appear that the defendant had been in the car for more than several minutes; the gun was on the floor in the

---

[1] In light of this conclusion, we need not consider the defendant's further argument that his constitutional right against double jeopardy was violated when he was convicted and sentenced on both charges.

back of the car; and it was after dark. Although the shotgun was twenty-eight or twenty-nine inches long, and thus presumably longer than the gun in the *Albano* case, that fact alone did not warrant the inference that the defendant knew the gun was in the vehicle.

*Judgments reversed.*
*Findings set aside.*