COMMONWEALTH *vs.* WILLIAM R. CROSBY. January 18, 1979. The evidence was sufficient to warrant a finding for the Commonwealth on the critical question (see *Commonwealth* v. *Boone,* 356 Mass. 85, 87 [1969]; *Commonwealth* v. *Jackson,* 369 Mass. 904, 916 [1976]; *Commonwealth* v. *Albano,* 373 Mass. 132, 133 [1977]; *Commonwealth* v. *Bennefield,* 373 Mass. 452, 452-453 [1977]) whether the defendant knew the gun was in the car. The highly suspicious circumstances which led the police to stop the car in the nighttime were fully explained in the evidence (compare *Commonwealth* v. *Albano,* 373 Mass. at 135: contrast *Commonwealth* v. *Clarke,* 350 Mass. 721, 722 [1966]; *Commonwealth* v. *Bennefield,* 373 Mass. at 453); the gun was found underneath the back seat of a car owned and operated by the defendant (see *Commonwealth* v. *Moscatiello,* 257 Mass. 260, 261 262 [1926]; *Commonwealth* v. *Miller,* 297 Mass. 285, 286 [1937]; *Commonwealth* v. *Boone,* 356 Mass. at 87-88; *Commonwealth* v. *Fancy,* 349 Mass. 196, 202, 204 [1965]; *Commonwealth* v. *Gizicki,* 358 Mass. 291, 297 [1970]: contrast *Commonwealth* v. *Boone,* 356 Mass. at 87-88; *Commonwealth* v. *Bennefield,* 373 Mass. at 453, 454); and the unsolicited scatological remark (which included a reference to his being on parole) which the defendant uttered in a state of "anguish or disgust" when he saw the officer remove the gun from underneath the seat could be considered as an admission by the defendant that he had known what the officer would find. Compare *Commonwealth* v. *Fancy,* 349 Mass. at 205 n.1; *Commonwealth* v. *Murphy, ante,* 335, 339 (1978). It was for the trier of fact to say whether the gun had been placed under the seat by the defendant or by his recently acquired passenger. See *Commonwealth* v. *Miller,* 297 Mass. at 286-287.

*Judgment affirmed.*

*Walter T. Healy* for the defendant.

*John A. Mendlesohn,* Assistant District Attorney, for the Commonwealth.

JOHN STOKOSA *vs.* EILEEN WALTUCH & another. January 19, 1979. The plaintiff has appealed from the denial of two motions filed after the entry of judgment in this action. 1. In the first motion the plaintiff sought an order directing the clerk "to include in the execution interest to the date that the execution is issued." That motion was properly denied for the reasons stated by the judge in his findings and order. 2. The one page of the plaintiff's brief devoted to the second motion (by which he sought an order under Mass.R.Civ.P. 69, 365 Mass. 836 [1974]; see *Geehan* v. *Trawler Arlington, Inc.,* 371 Mass. 815, 817-818 [1977]) does not present an appellate argument within the meaning of Mass.R.A.P. 16(a)(4), 367 Mass. 921 (1975), and brings nothing before us for consideration. *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958).

*Orders affirmed.*

*Herbert Murphy* for the plaintiff.