COMMONWEALTH *vs.* LESLIE H. HILL.

Suffolk.   October 20, 1982. — January 6, 1983.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Firearms.  Motor Vehicle,* Firearms.

Evidence at a criminal trial that an open purse containing a loaded .38 caliber revolver, hypodermic needles, syringes, and a nylon stocking was found in an automobile under the front passenger seat where the defendant had been sitting, and that certain stolen objects were found in the automobile and in nearby grass, where the defendant had thrown them, was insufficient to warrant conviction of the defendant of carrying a firearm under his control in a motor vehicle without authority.  [93-97]

COMPLAINT received and sworn to in the Chelsea Division of the District Court Department on August 7, 1981.

On appeal to the jury session of the Boston Municipal Court Department, the case was tried before *Glynn,* J.

*Michael S. Gallagher* for the defendant.

*Ellen M. Donahue,* Assistant District Attorney, for the Commonwealth.

BROWN, J.   The defendant was found guilty by a jury of six in the Municipal Court of the City of Boston of carrying a firearm under his control in a motor vehicle without authority.  See G. L. c. 269, § 10 (*a*).  The defendant was acquitted of charges of unlawful possession of ammunition and receiving stolen property.

The question on appeal is whether the trial judge erred in denying the defendant's motion for a required finding of not guilty.  Our reading of the evidence presented prior to the close of the Commonwealth's case leads us to conclude that the evidence was insufficient to warrant a reasonable inference of personal knowledge of the presence of the gun.  See

*Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979). We accordingly are constrained to reverse the judgment of conviction.

The pertinent facts indicate that on August 6, 1981, in the late afternoon, Officers Feldberg and Torregrosso of the Revere police department were talking with each other near a store on Lynnmarsh Road. Feldberg was in a marked patrol car while Officer Torregrosso was on motorcycle patrol. They noticed a yellow Vega automobile move past them and stop about a quarter of a mile away. Soon thereafter Feldberg, driving in the direction of the Vega, noticed the defendant standing behind a tree in tall grass. The defendant was holding a large chest and throwing objects into the grass. Upon seeing the officer, the defendant ceased his activities and got into the passenger side of the vehicle "quite fast." Feldberg asked the driver, one Johnson, for his license and registration. While so doing, Feldberg noticed what appeared to be the handle of a knife protruding from between the driver's legs. There were at least two television sets sitting on the back seat. Torregrosso responded to Feldberg's call for assistance and stood by the Vega while Feldberg searched the area near the tree where the defendant was first observed. Found lying in a grassy area were a cedar chest, assorted coins, coin albums and letters addressed to a resident of Lexington, Massachusetts. The defendant and Johnson were placed under arrest when it was discovered that these items had been stolen earlier that day. The two occupants were asked to leave the vehicle. The officers removed a knife from the driver's seat. Under the front passenger seat where the defendant had been sitting was an open brown purse containing a loaded .38 caliber revolver, hypodermic needles, syringes and a nylon stocking.

At trial, the defendant moved for a required finding of not guilty. He asserted that no evidence had been offered to show that he had had any direct or indirect contact with the gun or that he had had the requisite knowledge of the presence of the weapon in the motor vehicle. We agree. Com-

pare *Commonwealth* v. *Bennefield,* 373 Mass. 452 (1977), with *Commonwealth* v. *Albano,* 373 Mass. 132 (1977).

"On this issue, we consider only the evidence introduced up to the time the Commonwealth rested its case," *Commonwealth* v. *Kelley,* 370 Mass. 147, 150 (1976), and "[i]f at that point, the evidence is not legally sufficient to permit submission of the case to the jury, the judge must direct a verdict of not guilty." *Commonwealth* v. *Latimore,* 378 Mass. at 676. On review, the circumstances taken as a whole must show a reasonable nexus between the defendant and the revolver from which "knowledge of the gun's presence, an essential element of the crime" (*Commonwealth* v. *Albano,* 373 Mass. 132, 134 [1977]), may be inferred. See *Commonwealth* v. *Jackson,* 369 Mass. 904, 916 (1976). It is not enough to place the defendant and the weapon in the same vehicle (*Commonwealth* v. *Boone,* 356 Mass. 85, 87-88 [1969]), particularly where, as here, the weapon is not in plain view. See *Commonwealth* v. *Bennefield,* 373 Mass. at 453 (evidence that rear seat passenger attempted to conceal gun held insufficient as against front seat passenger); *Commonwealth* v. *Almeida,* 381 Mass. 420 (1980) (gun discovered in covered console of a car defendant had borrowed that evening held insufficient evidence). Contrast *Commonwealth* v. *Albano,* 373 Mass. at 135 (gun in plain view and suspicious conduct found sufficient); *Commonwealth* v. *Gray,* 5 Mass. App. Ct. 296, 298 (1977) (rifle and shotgun in plain view on rear seat sufficient evidence to permit the jury to find against operator). The defendant was neither the owner nor the operator of the vehicle. Contrast *Commonwealth* v. *Fancy,* 349 Mass. 196, 204 (1965); *Commonwealth* v. *Albano, supra.* Nor did the defendant make any damaging admission. See *Commonwealth* v. *Miller,* 297 Mass. 285, 286-287 (1937).

The presence of stolen items in the vehicle, without more, is insufficient in law to warrant a reasonable inference of knowledge and control of the revolver. Cf. *Commonwealth* v. *Scarborough,* 5 Mass. App. Ct. 302, 303-304 (1977), and cases cited. Cases like *Commonwealth* v. *Gizicki,* 358 Mass.

291, 297-298 (1970), are inapposite to the instant circumstances. In *Gizicki*, unlike here, the evidence went beyond participation in a joint venture involving the use and occupancy of a car, as there was, in addition, evidence by way of an admission that at least two of the coventurers knew that a weapon was concealed in the car.[1] *Id.* at 293.

Here there was no admission or other statement by the driver from which a jury could find that the defendant had knowledge of the gun. Nor is there anything in the record to suggest that the defendant had participated or was about to participate, individually or in concert with the driver, in any activity which involved possession, use or knowledge of a gun. The defendant's participation with the driver in receiving or aiding in the concealment of stolen goods would not alone warrant an inference that he had knowledge of the gun. In addition, we note that the defendant was acquitted on the charge of receiving stolen goods.

Moreover, the question of the defendant's knowledge of the gun was not submitted to the jury under a theory of the defendant's participation in a joint venture, but rather on the assumption made in the prosecutor's opening and closing arguments (and the judge's charge) that the police officer had testified that he saw the defendant "put [something] underneath his seat." No such testimony was given.[2] To

---

[1] Cases following the joint enterprise theory espoused in *Commonwealth* v. *Gizicki*, *supra*, rely on additional incriminating factors to infer knowledge of the presence of an unlawful weapon in the vehicle. Compare *Commonwealth* v. *Miller*, 297 Mass. at 286-287 (evidence of consciousness of guilt and admissions); *Commonwealth* v. *Johnson*, 7 Mass. App. Ct. 191, 193-194 (1979) (evidence that defendant was passenger in stolen vehicle employed in the commission of burglary enhanced by additional evidence of consciousness of guilt); *Commonwealth* v. *Clark*, 5 Mass. App. Ct. 673, 678 (1977) (victim of an armed robbery identified defendants and there was evidence "that the pistol [found] was the same gun which had been used in the robbery and assault"); *Commonwealth* v. *DiMatteo*, 12 Mass. App. Ct. 547, 549 (1981) (victim of armed robbery described getaway vehicle and brown purse containing weapon which later was found in plain view by police officers).

[2] The trial judge also based his denial of the motion for a required finding of not guilty on "testimony by the officer that he saw the other defend-

the contrary, the officer testified that the defendant was "sitting in a normal fashion in the passenger side of the front seat."

We conclude that the evidence offered by the Commonwealth was insufficient to impute to the defendant the knowledge requisite to a finding of control. Contrast *Commonwealth* v. *Clark*, 5 Mass. App. Ct. 673, 678-679 (1977); *United States* v. *Whitfield*, 629 F.2d 136, 138-139 (D.C. Cir. 1980), cert. denied, 449 U.S. 1086 (1981). The motion for a required finding of not guilty should have been allowed. Accordingly, the judgment is reversed, the verdict is set aside, and judgment is to be entered for the defendant.

*So ordered.*

---

ant pushing something under his seat." No such testimony was given, and defense counsel so indicated to the judge.