COMMONWEALTH *vs.* RAFAEL A. DIAZ.

Worcester. November 16, 1982. — March 16, 1983.

Present: ARMSTRONG, ROSE, & PERRETTA, JJ.

*Firearms. Motor Vehicle,* Firearms. *Evidence,* Relevancy and material-
ity. *Words,* "Carrying."

At the trial of a complaint charging the defendant with carrying a firearm
   in a vehicle in violation of G. L. c. 269, § 10(*a*), evidence that the de-
   fendant, who was alone in the back seat of the automobile on the
   passenger side, ducked from view after a police officer signalled for the
   driver of the vehicle to stop, and that the gun was in plain view on the
   floor directly in front of the defendant's feet warranted a finding that
   the defendant had knowledge of the presence of the weapon.
   [471-472]
There was no merit to a defendant's contention that as a matter of law he
   could not be found guilty of "carrying" a firearm under his control in a
   vehicle in violation of G. L. c. 269, § 10(*a*), in the absence of evidence
   that he was responsible for the movement of the vehicle in which the
   gun was found. [472]
At the trial of a complaint charging the defendant with carrying a firearm
   in a vehicle in violation of G. L. c. 269, § 10(*a*), the gun and a
   ballistics report were properly admitted in evidence to prove that the
   gun was a working firearm, despite a discrepancy in the gun manufac-
   turer's name as set forth in the complaint and as marked on the gun
   and the ballistics report. [472-474]

COMPLAINT received and sworn to in the Central Worces-
ter Division of the District Court Department on November
23, 1981.

On appeal to the jury session of that court, the case was
tried before *George,* J.

*John E. Riley (Luis G. Perez* with him) for the defendant.
*Lynn Morrill Turcotte,* Assistant District Attorney, for
the Commonwealth.

ROSE, J. The defendant was convicted of unlawfully car-
rying a firearm under his control in a vehicle in violation of

G. L. c. 269, § 10(*a*), and of setting up or promoting a lottery in violation of G. L. c. 271, § 7, following a trial in the jury of six session of a District Court. The defendant appeals from his firearms conviction only, alleging the following errors of law: (1) the denial of his motion for a required finding of not guilty; (2) the application of G. L. c. 269, § 10(*a*), requiring the "carrying" of a firearm, in a situation in which the defendant was not driving the car in which the gun was discovered; and (3) the admission of a gun and a ballistics report without having a chain of custody properly established. We find no error and affirm the firearms conviction.

The only witnesses who testified at trial were two State troopers who appeared on behalf of the Commonwealth. The defendant rested at the close of the Commonwealth's case.

Trooper Welby testified that on November 21, 1981, at about 11:25 P.M., he followed a car in which the defendant was a passenger after it failed to stop at a stop sign. When Welby signalled to the car, he noticed that the defendant, who was seated alone in the back seat on the passenger side, ducked down out of view for a few seconds. When the car stopped, Welby spoke with the defendant and shined his flashlight into the car. He saw a four or five inch long, stainless steel revolver on the floor of the car situated directly in front of the defendant's feet. The defendant was placed under arrest failing to produce a firearms identification card. Welby also spoke with the woman who was driving the car, but she was permitted to leave. The only other occupant of the car was a child who was asleep on the front seat. On cross-examination Welby testified that the car had a repair plate and that, to the best of his knowledge, it was owned by one Kenneth Brown.

Welby further testified that the defendant was taken to the police barracks where he was booked. A custodial search revealed that the defendant had about ten to fifteen betting slips on his person and $268 in cash. Welby also testified that he seized the gun found in the automobile and

that it was kept in police custody before being submitted to the ballistics section of the State police. A ballistics report, signed by Sergeant Duke, stated that the gun was turned over to the ballistics section by Trooper Nicosia. Welby testified that Nicosia is in charge of the contraband room. The report was read into the record and admitted in evidence over the defendant's objection, along with a gun which was identified by Welby as the one seized from the automobile. The report referred to a Harrington and Richardson firearm, although the complaint stated that the defendant had been carrying a Smith and Wesson firearm.

1. The defendant contends that the trial judge erred in denying his motion for a required finding of not guilty because the evidence, viewed in the light most favorable to the Commonwealth, was not sufficient to satisfy a rational trier of fact beyond a reasonable doubt that the defendant had both knowledge of the presence of a firearm and control of the firearm, two of the essential elements of the offense of carrying a firearm in violation of G. L. c. 269, § 10 (a). See *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979); *Commonwealth* v. *Jackson,* 369 Mass. 904, 916 (1976); *Commonwealth* v. *Collins,* 11 Mass. App. Ct. 583, 584 (1981). It is true that the defendant's mere presence in an automobile in which a firearm is found is not sufficient in itself to permit an inference that the defendant had knowledge of the presence of the firearm. *Commonwealth* v. *Boone,* 356 Mass. 85, 87 (1969). However, presence coupled with some additional incriminating evidence will support an inference of knowledge. *Commonwealth* v. *Albano,* 373 Mass. 132, 134 (1977).

In the instant case there was sufficient evidence to support the jury's verdict. Trooper Welby observed the defendant duck from view after Welby signalled for the vehicle to stop. The stainless steel revolver was found in plain view, directly in front of the defendant's feet. As long as there is some evidence supporting a reasonable inference of knowledge, a required finding of not guilty is improper. *Commonwealth* v. *Albano, supra* at 136. The instant case

is distinguishable from *Commonwealth* v. *Hill, ante* 93 (1983), in which there was no evidence that the gun was easily visible. It is also distinguishable from *Commonwealth* v. *Bennefield,* 373 Mass. 452 (1977), where the evidence placed the defendant in the front seat of a car and the gun on the floor in the back of the car. In the instant case the defendant was alone in the back seat of the car on the passenger side, and the gun was in plain view on the floor in close proximity to his feet. "Knowledge may be inferred when the prohibited item is found in open view in an area over which the defendant has control." *Commonwealth* v. *Albano, supra* at 135. The jury could reasonably infer both knowledge and control. See *Commonwealth* v. *Crosby,* 6 Mass. App. Ct. 975 (1979).

2. The defendant also contends that as matter of law the defendant cannot be guilty of "carrying" a firearm under his control in a vehicle in violation of G. L. c. 269, § 10(*a*), in the absence of evidence that he was responsible for the movement of the car in which the gun was found. The word "carrying" within the meaning of G. L. c. 269, § 10(*a*), has been construed as occurring when "the defendant knowingly has more than momentary possession of a working firearm and moves it from one place to another." *Commonwealth* v. *Seay,* 376 Mass. 735, 737 (1978). *Commonwealth* v. *Atencio,* 345 Mass. 627, 631 (1963). *Commonwealth* v. *Stallions,* 9 Mass. App. Ct. 23, 25 (1980). This statute has been applied to obtain convictions against passengers in automobiles. See *Commonwealth* v. *Gizicki,* 358 Mass. 291 (1970); *Commonwealth* v. *White,* 5 Mass. App. Ct. 398 (1977). One who exercises control over a firearm which is in a moving vehicle is, in effect, responsible for the movement of the firearm even if he is not responsible for the movement of the vehicle. "[T]he manifest purposes of these provisions are to prevent the temptation and the ability to use firearms to inflict harm . . . ." *Commonwealth* v. *Lee,* 10 Mass. App. Ct. 518, 523 (1980).

3. The defendant's final assignment of error is that the trial judge improperly admitted a gun and a ballistics report

in evidence. The defendant contends that the Commonwealth failed to satisfy the foundational requirements for the admissibility of real evidence because there was a gap in the chain of custody of the gun, and a discrepancy in the gun manufacturer's name as set forth in the complaint and as marked on the gun and the ballistics report. However, as long as a sufficient basis is set forth for a jury to conclude that the evidence is relevant, real evidence is properly admitted. *Commonwealth* v. *White*, 353 Mass. 409, 419, cert. denied, 391 U.S. 968 (1967). *Commonwealth* v. *Hogg*, 4 Mass. App. Ct. 225, 230 (1976). See *Commonwealth* v. *Gordon, post* 901, 902 (1982). It is well settled that weaknesses in a chain of custody affect the weight of the evidence rather than its admissibility. *Commonwealth* v. *White, supra* at 419-420. *Commonwealth* v. *Hogg*, 365 Mass. 290, 294-295 (1974). *Commonwealth* v. *Berth*, 385 Mass. 784, 791 (1982). *Commonwealth* v. *Gordon, supra* at 902. The fact that the gun and the ballistics report were admitted to prove that the gun was a working firearm, an element of the Commonwealth's case, does not give rise to a different standard of admissibility. The instant matter is analogous to cases involving possession of illicit drugs in which the Commonwealth produces the drugs and reports of their chemical analysis in order to prove its case. See *Commonwealth* v. *Berth, supra*; *Commonwealth* v. *Gordon, supra.*

Trooper Welby's testimony set forth an adequate foundation for admission of the gun and the ballistics report. He positively identified the gun admitted in evidence as the same gun seized from the automobile in which the defendant was a passenger. He further testified that after he seized the gun it was kept in police custody. Sergeant Duke test fired the gun and filed a ballistics report after the gun was turned over to him by the trooper who was in charge of the contraband room where the gun was kept under police custody.

The facts that the complaint states that the gun was seized was a Smith and Wesson firearm, and that the gun

admitted in evidence was a Harrington and Richardson firearm do not destroy the foundational basis for admission. The gun admitted in evidence was marked with an "S. & W." which was larger than the "Harrington and Richardson" marking also present on the gun.[1]  The ballistics report referred to the test fired gun as a "Harrington and Richardson" revolver of "S & W calibre."  The jury could reasonably infer that an inconsequential mistake was made in the complaint.  The defendant availed himself of the opportunity to attack the chain of custody based upon this discrepancy but the jury had the final opportunity to weigh all the evidence. See *Commonwealth* v. *Baptiste,* 372 Mass. 700, 708-709 (1977).  There was no error in the admission of the gun and the ballistics report.

*Judgment affirmed.*

---

[1] We have examined the gun and note that it is imprinted with a "32 CAL. S & W. CTGE." marking on the side and a "HARRINGTON & RICHARDSON ARMS CO., WORCESTER, MASS. U.S.A." marking in smaller print on the top.