COMMONWEALTH *vs.* CURTIS L. BAILEY. No. 90-P-291. December 17, 1990. *Firearms. Motor Vehicle*, Firearms.

A jury of six found the defendant Bailey guilty of the crimes of receiving a stolen motor vehicle (a 1986 Oldsmobile Delta), possessing a burglarious instrument (a screwdriver), and carrying an unlicensed firearm (a sawed-off rifle) in his possession or under his control in a vehicle, all the offenses having been committed as connected parts of an illicit episode on March 17, 1988. The present appeal is from the firearm conviction.

Officers James Gaughan and Matthew Kervin, in uniform in a marked cruiser at 2:10 A.M., March 17, gave chase to a red, two-door, 1986 Oldsmobile Delta which was traveling at excessive speed and on the wrong side of the street in the vicinity of Morton Street in the Mattapan area of Boston. Shortly the Olds turned and drove down the length of Lorna Road to a dead end. The police cruiser had closed on the Olds to a distance of twenty-five feet. As the cruiser drew up to the driver's side of the halted Olds, the doors of the car were flung open; the defendant leapt from the driver's seat through the driver's door and attempted to escape by running to the rear of the car and away. Officer Gaughan hustled out of the cruiser from the front passenger seat and in a few moments nabbed the defendant and secured him in the back of the cruiser. Then Gaughan went to the aid of Officer Kervin, the cruiser's driver. Kervin was pursuing three men who had occupied the rear seat of the Olds and left it through the door on the passenger side. Kervin and Gaughan soon lost the men in the woods nearby.

Returning to the vehicles, the officers, inspecting the interior of the Olds, observed characteristic damage to the lock of the door on the driver's

side and to the steering column, indicating that the car had been broken into and driven off, an operation wherein it was fair to assume the yellow Phillips-head screwdriver had been used, which now rested on the middle of the front seat.[1] The officers also observed a sawed-off rifle, later measured at seventeen and one-half inches, on the floor of the car on the driver's side, near the pedals.

A jury could have found the foregoing facts, to be appraised with intendments favoring the prosecution, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), and the question is whether a case of possession was made out within the firearm statute, G. L. c. 269, § 10(*a*), that could hold against the defendant's motion for a required finding.

In *Commonwealth* v. *Albano*, 373 Mass. 132, 133, 135 (1977), police officers, looking at 4:30 A.M. into a car with lights off stopped in front of a closed business establishment, observed by flashlight the butt of a gun protruding one and a half inches from beneath the driver's seat. The driver, who had the owner's permission to use the car, nervously gave a dubious explanation of why he and a companion, who was occupying the front passenger seat, were at that location at the time. The court upheld the conviction of the driver under the firearm statute. The driver's personal knowledge and awareness of the weapon and his capacity to control it could well be inferred; there was more than mere presence of a person in a vehicle in which a weapon happened to be discovered. The facts of the present case are surely no less indicative of guilt than those in *Albano*: in both cases "the prohibited item is found in open view in an area over which the defendant has control," *Albano* at 135, and the attending circumstances are also redolent of guilt of the offense. See also *Commonwealth* v. *Pratt*, 407 Mass. 647, 651-653 (1990); *Commonwealth* v. *Bean*, 15 Mass. App. Ct. 168, 169-170 (1983).

Contrast *Commonwealth* v. *Brown*, 401 Mass. 745 (1988), cited by the defendant. In that case the handguns found in the vehicle were not in the open but concealed under the passenger seat, which was occupied not by the defendant (the driver), but by another; and the defendant's observed conduct added nothing of consequence. *Id.* at 748. For further contrasting situations, see *Commonwealth* v. *Boone*, 356 Mass. 85, 86-87, 87-88 (1969); *Commonwealth* v. *Bennefield*, 373 Mass. 452, 453-454 (1977); *Commonwealth* v. *Almeida*, 381 Mass. 420, 422-423 (1980).

*Judgment affirmed.*

The case was submitted on briefs.

*Robert L. Goodale* for the defendant.

*Newman Flanagan*, District Attorney, & *Robert Feeney*, Assistant District Attorney, for the Commonwealth.

---

[1]The owner of the Olds was one Virginia Couch. At 10:00 P.M., March 16, she had parked the car, locked and empty of any firearm, in front of her apartment in the Hyde Park area of Boston.