COMMONWEALTH *vs.* FRANCISCO A. BONILLA. No. 91-P-860. April 17, 1992. *Controlled Substances. Practice, Criminal,* Required finding.

Following a jury-waived trial, a judge of the Suffolk Superior Court found the defendant guilty on three indictments charging him with trafficking in cocaine in violation of G. L. c. 94C, § 32E(*b*), possessing a firearm during the commission of a felony with the serial and identification numbers obliterated, G. L. c. 269, § 11B, and unlawfully possessing ammunition, G. L. c. 140, § 129C.[1] The sole issue on appeal is whether the trial judge erred in denying the defendant's motion for required findings of not guilty filed at the close of the Commonwealth's case. We conclude, viewing the evidence in a light most favorable to the prosecution, *Commonwealth* v. *Brzezinski,* 405 Mass. 401, 409 (1989), that the trial judge was warranted in denying the motions.

The judge, as the fact finder, could have found the following facts. On December 18, 1987, the Boston police department drug control unit executed a search warrant at G & G Auto Center (G & G), at 528 Washington Street, in the Dorchester district of Boston. Detective Timothy Murray, together with several other officers, entered the gasoline station and found two men, one standing in the customer area in front of a counter, the other (the defendant) seated at a desk behind the counter. The counter provided no access from the customer area to the employee area where the defendant was seated. The officers vaulted over the counter in order to execute the warrant.

The officers identified themselves, and Murray read the Miranda warnings to the defendant from a card he carried. A second officer read the warnings in Spanish. Speaking in English, the defendant told Murray that

---

[1]The defendant was sentenced to four years and one day at M.C.I., Cedar Junction for his conviction of trafficking in cocaine, three to five years for possession of a firearm, to be served concurrently, and one year for the conviction of unlawful possession of ammunition, to be served from and after his sentence for trafficking in cocaine.

he understood what had been read to him. In response to a police inquiry, the defendant stated that he was the manager of the station. The defendant's shirt had a "G & G Auto" insignia on it, and the word "Manager" appeared on one pocket. Inside the shirt's collar appeared the name "Jose-4."[2] The defendant was also in possession of the keys to the premises. The keys locked the doors to the station as well as the pull-down grates. The police asked the defendant where the drugs were. The defendant replied, in English, "I do not know where the drugs are."

The initial search of the area yielded $1,135 in cash, a large bottle of lactose, one hundred and fifty sandwich bags, a loaded gun with an obliterated serial number, rounds of hollow-point, thirty-eight caliber ammunition, and twenty-two caliber ammunition, all of which were found in the desk at which the defendant was seated. Personal papers of the defendant were also recovered; they were found in a separate drawer in the same desk. These papers included the defendant's driver's license from the Dominican Republic, a Tufts Associated Health Plan card in the name of the defendant's wife, a G & G Auto center card, and a First American Bank passbook in the names of the defendant and his wife. The bank passbook, which was an exhibit, showed a deposit of five thousand dollars on May 8, 1987.

No drugs were found during the first search, and again Murray asked the defendant for the location of the drugs. The defendant replied, "Look for it." A second, more thorough search resulted in the discovery of the contraband. From the second drawer of a filing cabinet, which was also on the employee side of the counter, Murray pulled out a box containing a bottle of perfume. The defendant said, "That's my girlfriend's. I got it for Christmas." With the box of perfume out of the file drawer, Murray could see a bag of cocaine "poking out" from underneath a book that was then on the top of the drawer. He removed the book and found twenty-one additional bags of cocaine inside an open Bacardi rum bag. The bag of cocaine that Murray saw when he removed the box of perfume was on the edge of the Bacardi bag. The twenty-two bags of cocaine had a combined weight of 88.88 grams with an eighty-six to ninety percent purity. The quantity and purity of the drugs found in the filing cabinet indicated a mid-level drug distribution operation.

At the close of the Commonwealth's case the defendant moved for required findings of not guilty. "The essential question in evaluating the denial of a motion for a required finding of not guilty is whether the evidence received, viewed in a light most favorable to the Commonwealth, is sufficient so that the jury might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the

[2]Jose Gonzales was the owner of G & G. He was not present when the police entered and searched the gasoline station.

guilt of the defendant was proved beyond a reasonable doubt." *Commonwealth* v. *Pratt*, 407 Mass. 647, 651 (1990), quoting from *Commonwealth* v. *Pope*, 406 Mass. 581, 584 (1990). The sole claim on appeal is that there was insufficient evidence to support findings, beyond a reasonable doubt, that the defendant possessed the contraband, an essential element of the crime of trafficking in cocaine under G. L. c. 94C § 32E, see *Commonwealth* v. *Garcia*, 409 Mass. 675, 686 (1991), as well as the two remaining crimes (unlawfully possessing firearms and ammunition).

The Commonwealth proceeded on a theory of constructive possession.[3] Constructive possession requires a showing of "knowledge coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 409 (1989), quoting from *Commonwealth* v. *Rosa*, 17 Mass. App. Ct. 495, 498 (1984).

There was sufficient evidence from which the judge could have inferred that the defendant had knowledge of the contraband. See *Commonwealth* v. *Garcia*, 409 Mass. at 686 (knowledge of contraband may be proved through circumstantial evidence). The defendant was seated at a desk which contained a fully loaded gun with an obliterated serial number, ammunition, $1,135 in cash, and drug paraphernalia. His personal papers were found in the same desk. A box of perfume, which the defendant admitted to be his, was found in the same file cabinet drawer that contained the cocaine. When the box was removed, one of the twenty-two bags of cocaine was in plain view. See *Commonwealth* v. *Pratt*, 407 Mass. 647, 652 (1990).

While mere presence of the defendant in the area of the contraband is not enough to establish knowledge, *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 563, 566-567 (1980), the immediate proximity of the defendant's personal property to the contraband and to weapons likely needed to protect the contraband, coupled with the cocaine being in plain view from the position in which the defendant's property was found, provides a sufficient basis for the judge to have inferred that the defendant knew of the contraband. "While presence in an area where contraband is found 'alone cannot show the requisite knowledge, power, or intention to exercise control over the [contraband], . . . presence, supplemented by other incriminating evidence, "will serve to tip the scale in favor of" ' " constructive possession. *Brzezinski*, *supra* at 409-410, quoting from *Commonwealth* v. *Albano*, 373 Mass. 132, 134 (1977). Permissible inferences from circumstantial evidence are not limited to those that are inescapable; they need only be reasonable. See *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989);

---

[3]The Commonwealth also argued that the evidence supported a finding that the defendant was a joint venturer in a cocaine distribution operation. See *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 494 (1991). We need not reach that issue in view of our conclusion that the evidence supported a finding of constructive possession.

*Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 618 (1990), *S.C.*, 410 Mass. 1005 (1991).

The judge could also infer that the defendant had the ability and intention to exercise dominion and control over the contraband. In this case, the defendant told Murray that he was the manager of the gasoline station, his shirt had the word "manager" embroidered on it, and he was in possession of the keys to the doors and pull-down grates of the gasoline station. The judge could reasonably infer from the facts that the defendant was the manager of the gasoline station and was in possession of the keys to the station, that the defendant had dominion and control over the contraband, along with the ability and intention to exercise that control, and that therefore, at the very least, the defendant was in constructive possession of the contraband. See *Commonwealth* v. *Lotten Books, Inc.* 12 Mass. App. Ct. 625, 630 (1981). The fact that possession might have been shared with the absent owner of the station is of no significance. *Ibid.*

Finally, the defendant's possession of a large quantity of high quality cocaine is sufficient to support an intent to distribute cocaine. *Commonwealth* v. *Pratt*, 407 Mass. at 653. The trial judge's denial of the defendant's motions for required findings of not guilty was proper.

*Judgments affirmed.*

*Deborah A. Beard* for the defendant.

*Vincent R. McDonough*, Assistant District Attorney, for the Commonwealth.