COMMONWEALTH *vs.* DERRICK SADBERRY. No. 97-P-0489. April 6, 1998.
*Firearms. Joint Enterprise. Evidence,* Joint enterprise.

The defendant was charged with possession of a firearm without a license in two counts, one count alleging possession of a nine millimeter firearm and the second count alleging possession of a twenty-two caliber handgun.[1] The defendant was also charged with the unlawful possession of ammunition. A jury convicted the defendant of the unlawful possession of the nine millimeter firearm and unlawful possession of ammunition but acquitted him of the unlawful possession of the twenty-two caliber handgun. From his convictions,

---

[1]This case was previously before this court on an interlocutory appeal involving a suppression motion. *Commonwealth* v. *Heughan*, 40 Mass. App. Ct. 102, 102 n.1 (1996).

the defendant appeals on the ground that the evidence was insufficient to establish the defendant's guilt on a theory of joint venture or constructive possession. We affirm.

We summarize the evidence presented to the jury. As Audley Bodden was leaving Madison Park High School in Boston at about 9:20 P.M. on March 22, 1994, he heard gunshots and saw three young black males, wearing black clothes and black face masks, running from the area were the gunshots had been fired. One of the three had an object in his hand which Bodden estimated was the size of a hairbrush. At about the same time, three Boston police officers — Rogers, Feeney and Parlon — were dispatched to that area because of reports of gunfire. As they approached the area of the high school, a brown Toyota automobile with three black males in it passed them traveling in the opposite direction at about fifty miles per hour in a thirty mile per hour speed zone. As a result, the police turned their car around to pursue the Toyota. The Toyota pulled over. As the vehicle did so, Rogers noticed the passenger in the rear seat behind the driver bend down almost out of sight for a few seconds. Feeney approached the driver of the car, who was the defendant, and asked for his license and registration. The defendant did not have a license and acknowledged that the car belonged to the mother of the front seat passenger. Feeney asked the defendant to step out of the car. Feeney then searched under the driver's seat and found a nine millimeter gun which, upon being pulled out from under the seat, emitted a strong odor of gunpowder as if it had been recently fired. The gun had two live rounds of ammunition in it. The passengers were also ordered to step out of the car. When the front seat passenger alighted, one of the officers observed in plain view on the floor by the front passenger's seat a twenty-two caliber revolver. The officers also found, in the back seat of the car, two black hats, one black ski mask, and two pairs of black gloves. The rear seat passenger, Lindsey Heughan, who was wearing a black hat and jacket, told the police that he had found the nine millimeter gun in a field and fired a few shots in the air.

The defendant denied any knowledge of guns in the car and stated that he picked up Heughan on his way to his girl friend's house and was then pulled over by police.

The judge instructed the jury that, in order to find the defendant guilty, the Commonwealth must establish his guilt beyond a reasonable doubt by proof of the defendant's constructive possession of the firearm and ammunition or by proof that the defendant was engaged in a joint venture with another in the unlawful possession of the firearm and ammunition. The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and objected at the close of the judge's instructions to the instruction that the defendant's guilt could be established by proof of a joint venture. We now address the defendant's contentions.

1. *Constructive possession.* To warrant a finding of constructive possession it is not enough to place the defendant in the same car with the gun. *Commonwealth* v. *Almeida*, 381 Mass. 420, 421-423 (1980); *Commonwealth* v. *Brown*, 401 Mass. 745, 747 (1988). In order to establish his guilt under this theory, the Commonwealth had to prove that the defendant had knowledge of the weapon, coupled with the ability and intention to exercise dominion and control over it. *Commonwealth* v. *Kitchings*, 40 Mass. App. Ct. 591, 599 (1996).

Here, a reasonable inference can be drawn that the defendant possessed the requisite knowledge. From the evidence, the jury could infer that the defendant or one of his companions fired the shots near the school and that he was fleeing the scene of the shooting when observed by Bodden and when stopped by the police. Further, the defendant's awareness of the weapon may be inferred from its presence under the driver's seat and the smell of burnt gunpowder that exuded from the gun when the police removed it from under the seat. In addition, it is also reasonable to infer, that if he did not place it there, he would have been aware of Heughan's placement of the gun there.

Nevertheless, knowledge is not sufficient to establish constructive possession without proof that the defendant had the ability and intention to exercise dominion and control over the weapon. *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 563, 567 (1980). Here again, we decide the evidence sufficed to establish those elements. By virtue of the gun's location under the driver's seat, the defendant had easy access to it and thus the ability to exercise control over it. Contrast *Commonwealth* v. *Bennefield*, 373 Mass. 452, 453 (1977). While his intent to do so is not easily susceptible of proof and is a close question, we again conclude that the evidence suffices to support a reasonable inference of his intent to do so, namely his prior activity before the stop and the presence in the car of the ski masks, gloves, black clothing, and two loaded guns, one of which was in plain view. Compare *Commonwealth* v. *Albano*, 373 Mass. 132, 134-136 (1977); *Commonwealth* v. *Bailey*, 29 Mass. App. Ct. 1007, 1008 (1990).

2. *Joint venture.* The defendant contends that the evidence did not warrant the judge charging the jury on a theory of joint venture. A defendant can be convicted as a joint venturer if he was "(1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement is willing and available to help the other if necessary." *Commonwealth* v. *Ortiz*, 424 Mass. 853, 856 (1997), and cases cited. The defendant may also be convicted as a joint venturer by proof that he "aid[ed] in the commission of a felony, or is an accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed." *Ibid.*, quoting from G. L. c. 274, § 2. Where there was evidence presented from which one could infer that the defendant was present when the jury of his companions fired the nine millimeter gun and that he was driving the car in an attempt to aid his companion in fleeing the scene of the shooting, coupled with other indicia of nefarious activities — the black clothing, ski mask, and gloves — in the car, there was no error in the judge charging the jury on a theory of liability based on joint venture. Compare *Commonwealth* v. *Santiago*, 30 Mass. App. Ct. 207, 216-218 (1991).

*Judgments affirmed.*

James M. Hankin for the defendant.

Maryanne E. Kilty, Assistant District Attorney, for the Commonwealth.