# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* JUAN RAMOS. No. 99-P-1328. March 19, 2001. *Firearms. Practice, Criminal,* Required finding.

The defendant was charged in a two-count complaint with (1) possession of a shotgun without a firearm identification card, and (2) possession of a semiautomatic pistol without a firearm identification card. At the close of the Commonwealth's evidence, the judge denied the defendant's motion for a required finding of not guilty on the first count and allowed the defendant's motion on the second count. The jury returned a guilty verdict on the remaining count.

On appeal, the defendant claims that the judge committed error in denying the defendant's motion for a required finding of not guilty because there was insufficient evidence to demonstrate that he had constructive possession of the shotgun.

We examine the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Salemme,* 395 Mass. 594, 595 (1985). On May 19, 1998, while conducting an ongoing investigation, Lawrence police Detective Brian Burokas, accompanied by other officers, went to 592 Andover Street in that city. The building at that address is a three-apartment structure with a porch on the left side. Burokas and other officers spoke with G. Cliff Rodriguez, who was on the porch. After a brief conversation, Burokas, accompanied by Detective Richard Brooks, went inside the building to the second floor.

Burokas knocked on the door to the second floor apartment and the door was opened by Diane Bishop. Burokas stated, "Police," and Bishop invited the officers inside, having initially thought that they were probation officers who had come to see Angel Vasquez, a tenant residing in the apartment. When the detectives first entered the apartment, they found themselves in Bishop's bedroom. The detectives continued into the living room where they found two females and a male conversing.

Off the living room was a room with its door ajar twelve to fifteen inches. Burokas heard several male voices coming from that room. The door then opened further and Burokas saw three men in the room, later identified as Alvoro Palomino, who was seated near the door; Angel Vasquez, who was sitting on a bed on top of a camouflage, military bullet-proof vest; and the defendant, who was sitting on a bed or futon across from Vasquez, approximately three to four feet from him. Burokas then noticed ten to twelve inches of the barrel of a twelve gauge shotgun sticking out from between the box spring and the mattress, directly under Vasquez. Upon seeing the gun, Burokas shouted, "Gun!" Bishop started to run. Detective Brooks saw that Bishop had a handgun tucked behind her waistband underneath her shirt and

he took control of it. Burokas then drew his service pistol, shouted, "Police!," and told the three men to freeze. Burokas secured the room and brought the three men out into another room. Palomino, Vasquez, and the defendant were arrested for possession of a shotgun, and Bishop was arrested for possession of a handgun.

After securing the apartment's occupants, Burokas seized the shotgun and bulletproof vest. The police obtained a search warrant for the premises and recovered a clip for Bishop's gun, personal papers belonging to Bishop with her address listed as 592 Andover Street, and various other ammunition. They also recovered a Tech-Nine semiautomatic handgun with a clip from inside a clothes dryer in the bedroom where the shotgun was seen.[1]

In that bedroom, Burokas also found paperwork of Vasquez including a probation document, payroll stub, and a birth certificate, as well as his wallet which contained a piece of paper stating his return address as 592 Andover Street, second floor. Burokas also found an alien registration card and a social security card belonging to Rodriguez, the individual with whom Burokas had engaged in a conversation on the porch. On a small shelf in the bedroom, Burokas found an envelope addressed to the defendant, at a different address (635 Haverhill Street). In the envelope were two letters to "Faith."

We consider whether the evidence, seen in the light most favorable to the Commonwealth, was sufficient to satisfy a rational trier of fact beyond a reasonable doubt that the defendant possessed the shotgun. See *Commonwealth v. Latimore*, 378 Mass. 671, 677-678 (1979); *Commonwealth v. Navarro*, 39 Mass. App. Ct. 161, 167 (1995). The Commonwealth's case relied heavily on inferences, which is permissible. *Commonwealth v. LaPerle*, 19 Mass. App. Ct. 424, 427 (1985). To survive a motion for a required finding, it is not essential that the inferences drawn are necessary inferences. *Commonwealth v. Gonzalez*, 47 Mass. App. Ct. 255, 257 (1999). It is enough that the inferences be reasonable and possible. *Commonwealth v. Martino*, 412 Mass. 267, 272 (1992).

At trial, the Commonwealth's theory was that the defendant had constructive possession of the shotgun. Under that theory, the Commonwealth must prove that the defendant was aware of the presence of the shotgun, "coupled with the ability and intention to exercise dominion and control" over it. *Commonwealth v. Garcia*, 409 Mass. 675, 686 (1991); quoting from *Commonwealth v. Deagle*, 10 Mass. App. Ct. 563, 567 (1980). "While presence in an area ·where [the shotgun] is found 'alone cannot show the requisite knowledge, power, or intention to exercise control over the [shotgun] . . . presence, supplemented by other incriminating evidence, will serve to tip the scale in favor of sufficiency.' " *Commonwealth v. Arias*, 29 Mass. App. Ct. 613, 618 (1990), quoting from *Commonwealth v. Brzezinski*, 405 Mass. 401, 409, 410 (1989).

The first element — the defendant's awareness of the presence of the shotgun — was shown by evidence that part of the shotgun was protruding from the mattress across from where the defendant was sitting. See *Commonwealth v. Perez*, 27 Mass. App. Ct. 550, 553 (1989).

---

[1] The seizure of this handgun formed the basis for the second count in the complaint. As we have already stated, the judge allowed a motion for a required finding of not guilty.

The Commonwealth claims that the location of the shotgun near the defendant also demonstrates that the defendant had the intention and ability to exercise dominion and control over the gun, citing *Commonwealth* v. *Sadberry*, 44 Mass. App. Ct. 934, 936 (1998). In *Sadberry*, a gun was found under the defendant's seat in the vehicle he was operating. The court ruled that the defendant's ability and intent to control the gun could be inferred from the gun's location and the defendant's easy access to it. The *Sadberry* decision, however, does not control this matter because Vasquez, not the defendant, was sitting on the shotgun.[2]

The Commonwealth claims that, because the defendant's personal letters were in the bedroom, it was reasonable and permissible for the jury to infer that there was a link between the defendant and the bedroom. Therefore, the Commonwealth argues that the defendant, with others, shared control of the bedroom and the gun. We reject the Commonwealth's argument.

There was no evidence that the defendant "rented, occupied, spent a great deal of time at or exercised control over the apartment or its contents." *Commonwealth* v. *Caterino*, 31 Mass. App. Ct. 685, 689 (1991). No personal belongings of the defendant were found on the premises and there is no evidence that he possessed a key to the apartment or the bedroom. See *Commonwealth* v. *Handy*, 30 Mass. App. Ct. 776, 780-781 (1991). Contrast *Commonwealth* v. *Rarick*, 23 Mass. App. Ct. 912, 912 (1986) (constructive possession supported by "evidence that the contraband was found in proximity to personal effects of the defendant in areas of the dwelling . . . to which other evidence indicates the defendant has a particular relationship"); *Commonwealth* v. *Rivera*, 31 Mass. App. Ct. 554, 556-557 (1991) (defendant's personal belongings in room and closet in which drugs were found sufficient to support an inference of constructive possession). Indeed, items found in the bedroom tended to show that Vasquez and Rodriguez were the occupants of the bedroom, not the defendant. See *Commonwealth* v. *Clarke*, 44 Mass. App. Ct. 502, 506 (1998). In contrast, the envelope containing the two letters to the defendant was addressed to the defendant at a different address.

The location of the shotgun and the defendant's personal letters in an envelope bearing a different address does not permit the inference that the defendant had the ability or capacity and the intent to exercise control and dominion over the shotgun. Thus, the Commonwealth did not present sufficient evidence to warrant the denial of the defendant's motion for a required finding of not guilty. Contrast *Commonwealth* v. *Dinnall*, 366 Mass. 165, 169 (1974) (airline ticket with defendant's name and address of searched premises sufficient); *Commonwealth* v. *Fiore*, 9 Mass. App. Ct. 618, 624, cert. denied, 449 U.S. 938 (1980) (number of papers and bills addressed to defendant at searched cottage sufficient).

---

[2]The Commonwealth argues that the jury could draw a reasonable inference that the defendant and Vasquez heard Burokas say "Police" to Bishop when he entered the apartment and they attempted to hide the shotgun. According to the Commonwealth, the attempt to hide the shotgun further points to the defendant's guilt and constitutes additional weight tipping the scale in favor of the sufficiency of the evidence.

We reject the Commonwealth's argument because it piles inference upon inference which cannot form the basis of a conviction. See *Commonwealth* v. *Armand*, 411 Mass. 167, 170 (1991).

The judgment of conviction is reversed, the verdict is set aside, and the case is remanded to the District Court for entry of a judgment of acquittal.

*So ordered.*

*Robert E. Fox* for the defendant.

*Daniel I. Smulow*, Assistant District Attorney, for the Commonwealth.