COMMONWEALTH *vs.* JUAN MOJICA. No. 02-P-1186. October 31, 2003. *Narcotic Drugs. Controlled Substances. Evidence,* Constructive possession.

The defendant appeals from his conviction of unlawful possession of a class A substance (heroin), claiming the evidence was insufficient to prove his constructive possession.

The following testimony was introduced. Officer Frederick Lake of the Fitchburg police department drove to an address in Fitchburg where the defendant and another man were standing on the sidewalk. Officer Lake described the house at that address, as well as the surrounding area, as locations where he had made a number of arrests for drug-related offenses. Lake observed the defendant and the other individual looking down at the sidewalk, "as if they were looking for something." In particular, the defendant was "bent down" and "looking all over the place"; his companion was standing and looking down.

Having pulled his police cruiser up to the curb, Officer Lake began to step out of his vehicle. When he did so, he noticed a white substance in a clear plastic bag on the sidewalk between the defendant's legs. At about the same time, the defendant "stood up very quickly" and began to walk away. Thinking the substance was an illegal drug,[1] Lake told the defendant to stand next to his companion, who had stayed in place. Lake asked the defendant "what he was doing bent over," and the defendant replied he was looking for a gold chain that had fallen from his neck. Lake looked on the ground for a gold chain, but did not find one. Lake then placed the defendant, who was wearing a silver chain, under arrest.

The Commonwealth was required to prove the defendant either actually or

---

[1]Later analysis of the substance revealed it to be heroin.

constructively possessed the heroin. While actual possession is self-explanatory, "[c]onstructive possession requires proof that the defendant knew of the location of the illegal drugs and had the ability and intent to exert dominion and control over them." *Commonwealth* v. *James*, 54 Mass. App. Ct. 726, 729 (2002), *S.C.*, 438 Mass. 1013 (2003). "The requisite proof of possession 'may be established by circumstantial evidence, and the inferences that can be drawn therefrom.' " *Commonwealth* v. *Gonzalez*, 42 Mass. App. Ct. 235, 237 (1997), quoting from *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. 424, 426 (1985).

Here, the Commonwealth introduced testimony that the defendant was bent down and, with his companion, was looking around at the ground, "as if they were looking for something." The heroin was on the ground, between the defendant's legs. Additionally, the defendant "stood up very quickly" when he became aware of Officer Lake's presence. The defendant tried to explain his search of the ground by stating he had dropped a gold chain, but none was found. From the evidence, the inference that the defendant had dropped the heroin is "reasonable and possible." *Commonwealth* v. *Martino*, 412 Mass. 267, 272 (1992), quoting from *Commonwealth* v. *Merrick*, 255 Mass. 510, 514 (1926). See *Alicea* v. *Commonwealth*, 410 Mass. 384, 387-388 (1991) (defendant's demeanor may support inference that he knew drugs were present). Needless to say, if the defendant had dropped the heroin, he must have first possessed it. Nothing more needed to be established. See *Commonwealth* v. *Gant*, 51 Mass. App. Ct. 314, 321-322 (2001). See also *Commonwealth* v. *Fernandez*, 48 Mass. App. Ct. 530, 531-532 (2000) (explaining that actual and constructive possession are not "different theories . . . [but] they are simply two possible ways of defining the same legal principle"). Compare *Commonwealth* v. *Grandison*, 433 Mass. 135, 140-141 (2001), and *Commonwealth* v. *Gant*, *supra*, with *Commonwealth* v. *Ramos*, 51 Mass. App. Ct. 901, 902-903 (2001).[2]

*Judgment affirmed.*

*Edward G. Niblock, Jr.*, for the defendant.

*Anne S. Kennedy*, Assistant District Attorney, for the Commonwealth, was present but did not argue.

---

[2]It is worth pointing out that the defendant's reliance on *Commonwealth* v. *Ramos*, 51 Mass. App. Ct. 901 (2001), is misplaced. In that case, we found the evidence insufficient to establish possession where the defendant was sitting *across* from another individual who was sitting on a bed into which a shotgun had been partially tucked. See *id.* at 901-903. While a fact finder could have inferred the defendant's knowledge of the shotgun (given its visibility), there was no evidence of the defendant's ability or intention to exercise control over it. See *ibid.* The defendant mistakenly reads the facts of *Ramos* as establishing that the defendant in that case was sitting on the *same* bed into which the shotgun had been tucked.

