COMMONWEALTH *vs*. RICARDO GONZALEZ.

No. 05-P-1383.

Hampden. September 18, 2006. - January 22, 2007.

Present: GREENBERG, GREEN, & GRAHAM, JJ.

*Firearms. Joint Enterprise. Practice, Criminal,* Instructions to jury.

A Superior Court judge erred in denying a criminal defendant's motion for a required finding of not guilty on an indictment charging illegal possession of a firearm, where evidence of the weapon's dimensions was lacking at trial, and the only evidence presented was that the weapon used to injure the victim was a shotgun or rifle. [92-93]

At the trial of indictments charging possession of a firearm without a license, in violation of G. L. c. 269, § 10(*a*), and possession of ammunition without a firearm identification card, in violation of G. L. c. 269, § 10(*h*), both tried on a theory of joint venture, there was no merit to the defendant's argument that the statute impermissibly shifted the burden of proof to the defendant to demonstrate that his joint venturer possessed the proper license or identification card to carry the firearm and ammunition [93-95], and where the evidence at trial supported a conclusion that the three criteria of joint venture were met and that the defendant's coventurer was carrying a gun and ammunition, a reasonable jury could infer that the defendant shared the same mental state as his coventurer and was therefore guilty of violating the statute [95-96].

At a criminal trial, error, if any, in the judge's instructions to the jury on constructive possession of a firearm and ammunition was not prejudicial, where the evidence and argument at trial exclusively focused on a joint venture theory. [96]

INDICTMENTS found and returned in the Superior Court Department on August 7, 2003.

The cases were tried before *Bertha D. Josephson*, J.

*Jane Larmon White* for the defendant.

*Thomas H. Townsend*, Assistant District Attorney, for the Commonwealth.

GREENBERG, J. The defendant, Ricardo Gonzalez, appeals his convictions of possession of a firearm without a license (G. L.

c. 269, § 10[a]); and possession of ammunition without a firearm identification card (G. L. c. 269, § 10[h]). The two offenses were charged as deserving enhanced punishment pursuant to G. L. c. 269, § 10G, because of his three prior convictions for the same charges. The defendant claims further on appeal that resentencing is required on his conviction of assault and battery by means of a dangerous weapon, causing serious bodily harm (G. L. c. 265, § 15A), to the extent the judge was influenced by the guilty verdicts on the possession charges.

The evidence at trial, taken in the light most favorable to the Commonwealth, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), showed the following. On April 17, 2003, the defendant arranged to purchase a pound of marijuana from the victim, James Jackson, an acquaintance from whom he had purchased marijuana in the past. At about 10:30 or 11:00 P.M., Jackson drove his truck to the defendant's house and parked it across the street. The defendant came outside to meet Jackson, who had the marijuana the defendant had requested. The defendant told Jackson that he did not want to conduct the transaction in the street, because his mother was watching from her window. The defendant led Jackson into a vacant, unlighted apartment. Once they were inside the apartment, the defendant locked the door and turned on the lights. Jackson saw a man whom he did not know, standing between three and six feet away in a doorway, pointing a shotgun or rifle at him. The man instructed him to "give up everything." Jackson instead turned to leave, but as he was unlocking the apartment door to let himself out, he was shot by the unknown man. The bullet passed through his arm and exited below his elbow, entering his stomach. He heard the defendant telling the gunman to "shoot him again," but no additional shots were fired.

The defendant pursued Jackson on foot back to his truck, telling him to give up the marijuana. Jackson refused, got into his truck, and drove himself to the hospital. As a result of the shooting, Jackson underwent multiple surgeries, including a colostomy, and lost the use of his arm.

1. *Sufficiency of evidence on the firearm charges.* a. General Laws c. 140, § 121, inserted by St. 1998, c. 180, § 8, defines "firearm" as "a pistol, revolver or other weapon of any descrip-

tion, loaded or unloaded, from which a shot or bullet can be discharged and of which the length of the barrel or barrels is less than 16 inches or 18 inches in the case of a shotgun as originally manufactured." Evidence of the weapon's dimensions was lacking at trial, and the only evidence presented was that the weapon used to injure the victim was a shotgun or rifle. As the defendant argues and the Commonwealth concedes, the judge's denial of the defendant's motion for a required finding of not guilty on the illegal possession of a firearm was error. See *Commonwealth* v. *DeJesus*, 44 Mass. App. Ct. 349, 351-352 (1998).

b. The defendant also argues that the judge should have allowed his request for a required finding of not guilty on both possession charges in any event because the applicable statute impermissibly shifts the burden of proof to the defendant to demonstrate that his joint venturer possessed the proper license or identification card (license) to carry the gun and ammunition. Instead, the defendant asserts, either the Commonwealth should bear the burden of proving the defendant's coventurer did not have a proper license or, in the alternative, the crimes of possessing a gun and ammunition without proper licenses should not be crimes which may be premised on joint venture culpability.

We disagree. An individual may be charged with possession of a gun or ammunition under a joint venture theory if the elements of a joint venture are met and there is sufficient evidence to support a conclusion that the defendant knew his joint venturer was armed. See *Commonwealth* v. *Ortiz*, 424 Mass. 853, 856 (1997); *Commonwealth* v. *Sadberry*, 44 Mass. App. Ct. 934, 936 (1998). A defendant can be convicted as a joint venturer if he was "(1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement is willing and available to help the other if necessary." *Commonwealth* v. *Ortiz, supra* at 856, and cases cited. "The theory underlying joint enterprise is that one who aids, commands, counsels, or encourages commission of a crime while sharing with the principal the mental state required for the crime is guilty as a principal. . . . The jury may infer the requisite mental state

from the defendant's knowledge of the circumstances and subsequent participation in the offense." *Commonwealth* v. *Washington*, 15 Mass. App. Ct. 378, 382 (1983), quoting from *Commonwealth* v. *Soares*, 377 Mass. 461, 470 (1979).

In criminal cases concerning controlled substances and firearms, a defendant has the burden of proving lawful authority to possess or distribute. *Commonwealth* v. *Cabral*, 443 Mass. 171, 180 n.18 (2005), citing *Commonwealth* v. *Jones*, 372 Mass. 403, 406 (1977). General Laws c. 278, § 7, states: "A defendant in a criminal prosecution, relying for his justification upon a license . . . or authority, shall prove the same; and, until so proved, the presumption shall be that he is not so authorized." "To overcome this presumption, a defendant must prove, through evidence such as a license or prescription, that he comes under a provision in the relevant statutes setting forth certain exemptions or exceptions." *Commonwealth* v. *Cabral*, 443 Mass. at 180 n.18.

To satisfy the knowledge requirement of a charge of possession of a gun or ammunition under a joint venture theory, the Commonwealth must prove that the defendant knew his accomplice was armed. See *Commonwealth* v. *Kilburn*, 426 Mass. 31, 34 (1997); *Commonwealth* v. *Sadberry*, 44 Mass. App. Ct. at 936. "A person's knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at the trial. . . . The inferences drawn by the jury need only be reasonable and possible and need not be necessary or inescapable . . . ." *Commonwealth* v. *Stewart*, 411 Mass. 345, 350 (1991), quoting from *Commonwealth* v. *Casale*, 381 Mass. 167, 173 (1980).

The defendant argues that the Commonwealth was obliged to prove that his coventurer did not have a license or firearm identification card for the gun and ammunition. The argument is misplaced because G. L. c. 278, § 7, states that a defendant relying on a license or other authority as a defense to a possession charge must prove that authorization in order to overcome the presumption imposed by the law against possession, here G. L. c. 269, § 10(*a*) (firearm) and (*h*) (ammunition).

The defendant counters that the statutory presumption should

not apply to him as a joint venturer because he does not have control over his accomplice's license; therefore, he argues that prosecutions for violations of G. L. c. 269, § 10(*a*) and (*h*), possession of a gun or ammunition, should not be premised upon joint venture theory. There is nothing to this contention. Compared to the Commonwealth, the defendant is in a better position to know if his accomplice is armed and to know whether that person has a proper license. If he or she is ignorant in that regard, he or she assumes the risk that the accomplice does not have a license. See *Commonwealth* v. *Sadberry*, 44 Mass. App. Ct. at 936.

The critical question is whether a reasonable jury could conclude that the defendant knew his accomplice was armed. In this way, the joint venture theory of culpability under the statute is similar to the joint venture theory of felony-murder. See *Commonwealth* v. *Kilburn*, 426 Mass. at 34. If a fact finder may reasonably infer from the evidence that the defendant knew his accomplice was armed, the fact finder could also infer that the defendant was in a position to determine whether the gun handler was properly licensed. See *Commonwealth* v. *Sadberry*, 44 Mass. App. Ct. at 936. By participating in the crime as a joint venturer, the defendant ran the risk that his coventurer would not meet the burden of showing that he was properly licensed. We conclude that the intent of the Legislature, as indicated by the plain language of G. L. c. 278, § 7, and G. L. c. 269, § 10, is for the offense of unlicensed possession of firearms and ammunition to extend to any coventurers in a joint venture.[1]

Here, the defendant was convicted of the possession charges on the basis of joint venture. The evidence supports a conclusion by a reasonable jury that the three criteria of a joint venture were met. See *Commonwealth* v. *Ortiz*, 424 Mass. at 856. Further, the uncontroverted evidence supports a conclusion that the defendant's coventurer was carrying a gun and ammunition.

---

[1]Aside from contradicting legislative intent, a requirement that the Commonwealth prove a defendant's accomplice had no license in order to sustain a conviction of possession of a weapon under the joint venture theory would be impractical. For example, if the defendant's accomplice were not caught, the Commonwealth would not know his or her identity and, therefore, could not prove whether he or she had an appropriate license.

See G. L. c. 269, § 10(a), (h); G. L. c. 278, § 7. A reasonable jury could infer that the defendant shared the same mental state as his coventurer and was therefore guilty of violating the licensing statutes.

2. *Jury instruction on constructive possession.* Next, the defendant argues that the judge erred in instructing the jury on constructive possession of the gun and ammunition and that this instruction prejudiced the defendant. The Commonwealth concedes that there was no evidence to support a constructive possession charge and, therefore, the judge should not have so instructed the jury. However, the error was not prejudicial because the evidence and arguments at trial exclusively focused on a joint venture theory. Cf. *Commonwealth* v. *Perez,* 390 Mass. 308, 313-314 (1983) (charge on joint enterprise was not warranted, but was not prejudicial where it did not correspond to any version of the evidence).

The source of the complaint is two pages in a fifty-page description by the judge of the element of "possession" as part of the gun and ammunition possession charges that explained the concept of joint possession (i.e., constructive possession). In this portion of the instructions, the judge explained that a person does not have to be in physical possession to be found to possess an item and that "[m]ore than one person can possess an item at a given time."

This brief description could not have resulted in prejudice to the defendant where, throughout the trial and in the remaining forty-eight pages of instructions, the judge emphasized repeatedly that the defendant could only be found guilty on a theory of joint venture. See *Commonwealth* v. *Perez,* 390 Mass. at 313, quoting from *Commonwealth* v. *Hill,* 387 Mass. 619, 624-625 (1982) ("we read 'the charge as a whole, and [do] not . . . scrutiniz[e] bits and pieces removed from their context' "). In fact, the two pages of instructions in which the judge discussed the element of possession followed an eight-page detailed and thorough explanation of the concept of joint venture. While the judge's instructions strayed briefly into the concept of constructive possession, the focus of the charges brought, the arguments of counsel, and the judge's instructions was joint venture.

3. The judgment of conviction on the charge of possession of

a firearm without a license is reversed, the verdict set aside, and that portion of the indictments is dismissed. The judgments of conviction on the remaining charges are affirmed.

*So ordered.*