NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-327

COMMONWEALTH

vs.

KENT BLANE DANIELS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Kent Blane Daniels, was convicted of carrying a loaded firearm without a license, carrying a firearm without a license, and possession of ammunition without a firearm identification (FID) card.  On appeal, the defendant claims that (1) the evidence was insufficient, (2) certain evidence was admitted in error, and (3) the motion judge erred in denying his motion to suppress evidence.  We affirm in part and reverse in part.

Discussion.  1.  Sufficiency of the evidence.  a. Possession of a firearm.  The defendant claims that there was insufficient evidence to prove beyond a reasonable doubt that he

constructively possessed the firearm found under the driver's seat in the car that he was driving.  In reviewing the sufficiency of the evidence, the "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  In the absence of actual possession, proof of constructive possession requires a showing that the defendant had "knowledge coupled with the ability and intention to exercise dominion and control" over the firearm.  Commonwealth v. Than, 442 Mass. 748, 751 (2004), quoting Commonwealth v. Sespedes, 442 Mass. 95, 99 (2004).  Whether the defendant had knowledge is a matter of fact that can be inferred "from all the facts and circumstances developed at the trial."  Commonwealth v. Summers, 93 Mass. App. Ct. 260, 262 (2018), quoting Commonwealth v. Casale, 381 Mass. 167, 173 (1980).  The ability to control may also be inferred by the defendant's proximity to the firearm.  See Commonwealth v. Sadberry, 44 Mass. App. Ct. 934, 936 (1998).

Here, an Ayer police officer stopped the car that the defendant was driving after learning that the owner's license was suspended, and the inspection sticker was expired.  The defendant was not the owner; the registered owner was in the

2

front passenger seat.  The defendant provided the officer with a Florida identification.  The officer returned to his police cruiser to ascertain whether the defendant had a valid driver's license in any State.  As he was returning to the driver's side window, the officer "observed [the defendant's] right hand coming up from the mat, like the floorboard" such that "[h]is right hand [was] behind his right leg, on its way out."  The officer asked the defendant to get out of the car, and the defendant complied.  The defendant was asked about weapons, and another officer located and secured a knife on the defendant's person.  After the defendant was placed under arrest for driving without a license, the police found a loaded firearm under the driver's seat.

Viewing the evidence in the light most favorable to the Commonwealth, a rational trier of fact could infer the defendant's knowledge of and intent to control the firearm based on his actions of reaching down into the area where the firearm was ultimately found.  And, because the defendant was sitting in the driver's seat directly over where the firearm was recovered, he "had easy access to it and thus the ability to exercise control over it."  Sadberry, 44 Mass. App. Ct. at 936.  See Commonwealth v. Horton, 63 Mass. App. Ct. 571, 578 (2005) (kicking at area where handgun was discovered sufficient to

3

support finding that defendant had control over gun).  On these facts, the evidence sufficed.

b.  Possession of a loaded firearm and ammunition.  The defendant additionally argues -- and the Commonwealth concedes -- that there was insufficient evidence to support the convictions of carrying a loaded firearm without a license and possession of ammunition without an FID card.  Notwithstanding the Commonwealth's concession, we conduct our own independent review of the claim.  See Commonwealth v. Poirier, 458 Mass. 1014, 1015 (2010).

"To convict the defendant of unlawful possession of a loaded firearm, the Commonwealth [is] required to prove that the defendant knowingly possessed a firearm that was loaded with ammunition."  Commonwealth v. Galarza, 93 Mass. App. Ct. 740, 748 (2018), quoting Commonwealth v. Johnson, 461 Mass. 44, 52 (2011).  That is, "the Commonwealth must prove that the defendant knew the firearm he or she possessed was loaded."  Commonwealth v. Brown, 479 Mass. 600, 601 (2018).

Here, the ammunition in the firearm was the only evidence the Commonwealth presented that the firearm was loaded.  Because "the defendant 'could not have discerned whether the gun was loaded merely by looking at it,' and the Commonwealth presented no evidence that the defendant knew it was loaded," the evidence was insufficient.  Brown, 479 Mass. at 605, quoting Commonwealth

4

v. Brown, 91 Mass. App. Ct. 286, 293 (2017).  Further, "[p]ossession of ammunition without [an FID] card is a lesser included offense of unlawful possession of a loaded firearm." Galarza, 93 Mass. App. Ct. at 748.  The only ammunition found here was inside the firearm itself.  Consequently, neither conviction can stand.

2.  Knife testimony.  The defendant contends that the judge erred in allowing testimony that a knife was found on the defendant's person at the time of his arrest.  He claims it was irrelevant and prejudicial.  Because the defendant objected to the admission of this evidence, we review for prejudicial error. See Commonwealth v. Teixeira, 490 Mass. 733, 742 (2022). Passing on the question of error, we conclude that the defendant was not prejudiced by this evidence.

"An error is not prejudicial if it did not influence the jury, or had but very slight effect."  Commonwealth v. Schoener, 491 Mass. 706, 720 (2023), quoting Teixeira, 490 Mass. at 742. In weighing the risk of unfair prejudice, we "tak[e] into account the effectiveness of any limiting instruction," Commonwealth v. Chalue, 486 Mass. 847, 866 (2021), the application of which "ordinarily renders any potentially prejudicial evidence harmless" (citation omitted).  Commonwealth v. Crayton, 470 Mass. 228, 251 (2014).  Here, after the officer testified that he "observed a . . . knife get pulled from [the

5

defendant's] pocket," the judge immediately instructed the jury not to consider it "as a substitute for proof that the defendant committed the crimes charged," or "as proof the defendant is a criminal personality or a bad character."  As "[w]e presume that the jury followed the judge's instructions," this mitigated any risk of prejudice to the defendant.  Commonwealth v. Bryant, 482 Mass. 731, 737 (2019).  Moreover, the testimony regarding the knife was brief, and did not "overwhelm" the case.  See Commonwealth v. Proia, 92 Mass. App. Ct. 824, 830 n.9 (2018).

3.  Motion to suppress.[1]  The defendant argues that the motion judge erred in denying his motion to suppress the firearm and ammunition because they were discovered as a result of an unreasonable warrantless search of the car.  Specifically, he claims that the search was not justified as a search incident to arrest or an inventory search, or on the ground that the firearm would have been inevitably discovered.  As discussed supra, we conclude that the police were justified in performing a protective sweep of the driver's side area of the car.

"When reviewing a ruling on a motion to suppress, 'we accept the [motion] judge's subsidiary findings of fact absent

---

[1] We base our review of the motion to suppress on the facts presented at the motion to suppress hearing but consider the trial evidence on the other issues raised on appeal.  See Johnson, 461 Mass. at 48.

clear error but conduct an independent review of [the] ultimate findings and conclusions of law.'" Commonwealth v. Almonor, 482 Mass. 35, 40 (2019), quoting Commonwealth v. Tremblay, 480 Mass. 645, 652 (2018). We "leave to the [motion] judge the responsibility of determining the weight and credibility to be given . . . testimony presented at the motion hearing." Commonwealth v. Meneus, 476 Mass. 231, 234 (2017), quoting Commonwealth v. Wilson, 441 Mass. 390, 393 (2004). However, "[w]e review independently the application of constitutional principles to the facts found" (citation omitted). Commonwealth v. Amado, 474 Mass. 147, 151 (2016).

A search of the interior of a car, limited in scope to a protective end, see Commonwealth v. Manha, 479 Mass. 44, 49 (2018), is permissible where "a reasonably prudent [officer] in [the officer's] position would be warranted in the belief that the safety of the police or that of other persons was in danger."[2] Commonwealth v. Daniel, 464 Mass. 746, 752 (2013), quoting Commonwealth v. Silva, 366 Mass. 402, 406 (1974). This concern "extend[s] to threats that might arise from retrieval of

---

[2] While the defendant contends that the Commonwealth did not raise protective sweep as a ground to support the search before the motion judge, we observe that the defendant introduced the issue of officer safety in his motion to suppress and therefore we may consider it. See Mass. R. Crim. P. 13 (a) (2), as appearing in 442 Mass. 1516 (2004).

7

a weapon in the vehicle by an occupant who was not placed under arrest." Commonwealth v. Graham, 78 Mass. App. Ct. 127, 129 (2010).

Here, the motion judge found facts that, viewed in their totality, warranted a concern for officer safety. An officer "saw the [d]efendant bringing his right hand up from under the driver's seat floorboards," and the officer "did not know what the [d]efendant had touched or moved under the seat." See Commonwealth v. Stampley, 437 Mass. 323, 327 (2002) (gestures "suggestive of the occupant's retrieving or concealing an object, raise legitimate safety concerns to an officer conducting a traffic stop"). Further, the officer testified that as he was placing the defendant under arrest, "[h]is muscles started to tense up," and a knife was then found on his person. And, although the defendant was restrained at the time of the search, there were three other unrestrained passengers still in the car, including an adult female in the front passenger seat and a teenager in the rear. See Graham, 78 Mass. App. Ct. at 129. This constellation of facts justified a protective sweep of the area from which a weapon could be located. Compare Commonwealth v. Goewey, 452 Mass. 399, 401 (2008) (production of expired identification, nervousness, and "what reasonably appeared to be furtive movements [as if to hide or retrieve something]" warranted concern for officer safety).

8

Conclusion.  On the count of the complaint charging carrying a firearm without a license, the judgment is affirmed. On the counts of the complaint charging carrying a loaded firearm without a license and possession of ammunition without an FID card, the judgments are reversed, the verdicts are set aside, and judgments shall enter for the defendant.

So ordered.

By the Court (Blake, C.J., Vuono, Meade, Shin & Hand, JJ.[3]),

Clerk

Entered:  January 24, 2025.

---

[3] The panelists are listed in order of seniority.