NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1154

COMMONWEALTH

vs.

CHANHDA ONESYVIENG.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court in 2009, the defendant was found guilty of conspiracy to traffic in cocaine (G. L. c. 94C, § 40). He appealed his conviction and, while that appeal was pending, he filed a motion for a new trial. In 2012, a panel of this court affirmed the defendant's conviction and the denial of his motion for a new trial in an unpublished decision. See Commonwealth v. Onesyvieng, 81 Mass. App. Ct. 1120 (2012).

Twelve years later, on January 23, 2024, the defendant filed a second motion for a new trial in which he alleged that the evidence was insufficient to support the conviction of conspiracy and that his prior appellate counsel was ineffective

for not challenging the sufficiency of the evidence of conspiracy in his direct appeal.  The motion judge, who was not the trial judge, denied the motion without a hearing on August 26, 2024.  This appeal ensued.  We conclude that the evidence was sufficient to sustain a conviction of conspiracy.  Given this conclusion, it follows that the defendant did not meet his burden of proof under Commonwealth v. Saferian, 366 Mass. 89 (1974).  Accordingly, the second new trial motion was properly denied.

Background.  We recite the facts the jury could have found, viewed in the light most favorable to the Commonwealth.  Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  On January 4, 2007, Sergeant Thomas Daly of the Lowell police department and Special Agent Michael Willis of the Federal Bureau of Investigation met with a named informant who, in the presence of the officers, made arrangements for a delivery of cocaine.  The informant reported the details of the delivery to Daly.  Daly testified that the delivery would be made by two Asian males named Chanhda (the defendant's first name) and Dewey.  The two men would arrive in a white Subaru with Rhode Island license plates.  Daly then relayed those details to fellow officers in the Lowell police department's vice and narcotics units.  A surveillance team was assembled and sent to the area of the expected delivery.

2

When a white Subaru pulled into a parking lot, Officer William Samaras followed in an unmarked vehicle, parked, and then approached the Subaru.  As Samaras got close, the driver, later identified as Dewey, began to open his door, illuminating the interior.  Samaras saw a large item he suspected was cocaine in the "rear floor area" in "plain view" behind the driver's seat.[1]  Samaras believed that the item, described as a "plastic Ziploc bag containing four rock-like substances approximately the size of a baseball or a tennis ball," was cocaine.  Both Dewey and the defendant, who was a passenger, were arrested.  A subsequent analysis of the contents of the bag retrieved from the car confirmed that it contained 444.8 grams of cocaine, which had a street value of over $50,000.

Discussion.  A motion for new trial should be granted only if "it appears that justice may not have been done."  Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  "Where, as here, the motion judge was not the trial judge, did not conduct an evidentiary hearing, and instead relied on the trial transcripts . . . and other documentary evidence, we review de novo the denial of a motion for a new trial."  Commonwealth v. Pope, 489 Mass. 790, 793-794 (2022).

---

[1] When asked by defense counsel on cross examination if the item was in plain view on the floor behind the driver's seat, Samaras responded, "That's correct."

"A defendant has a heavy burden to establish ineffective assistance of counsel sufficient to warrant a new trial." Commonwealth v. Lao, 450 Mass. 215, 221 (2007). The defendant must show not only that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer," but also that the attorney's conduct "likely deprived the defendant of an otherwise available, substantial ground of defence." Saferian, 366 Mass. at 96. See Commonwealth v. Sowell, 34 Mass. App. Ct. 229, 231-232 (1993) (same standard applies for ineffective assistance of both trial and appellate counsel).

> "The review of such contentions has been described as requiring a determination 'whether the issues which [the defendant] claims appellate counsel failed to raise, would have been clearly more likely to result in reversal or an order for a new trial, and were so obvious from the trial record that the failure to present such issues amounted to ineffective assistance of appellate counsel.'"

Id. at 232, quoting Gray v. Greer, 800 F.2d 644, 647 (7th Cir. 1985).

On appeal, the defendant challenges the motion judge's conclusion that the Commonwealth presented sufficient evidence to establish that he conspired to traffic in cocaine. To convict the defendant, the Commonwealth was required to prove beyond a reasonable doubt that the defendant joined in an agreement with another person to traffic in cocaine. See Commonwealth v. Albert, 51 Mass. App. Ct. 377, 384 (2001). As

4

noted, we review the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found beyond a reasonable doubt that the defendant conspired to traffic in cocaine in violation of the controlled substances law. Latimore, 378 Mass. at 677.

The defendant asserts that the Commonwealth failed to meet its burden because there was no direct evidence of an agreement to traffic in cocaine. Specifically, he points to the fact that the Commonwealth provided "no evidence that Mr. Onesyvieng himself had been in communication with anyone directed towards the accomplishment of possessing with intent to distribute the cocaine" (quotations omitted) and the police did not find any inculpatory evidence on his person when he was searched. However, the Commonwealth need not introduce direct evidence of a crime to meet its burden of proof. "Circumstantial evidence is competent to establish guilt beyond a reasonable doubt," and the "reasonable inferences drawn from such evidence need not be necessary or inescapable, only reasonable and probable." Commonwealth v. MacCormack, 491 Mass. 848, 854 (2023) (quotations omitted). See Commonwealth v. Joyner, 467 Mass. 176, 179-180 (2014) ("The inferences drawn by the jury need only be reasonable and possible and need not be necessary or inescapable" [quotation omitted]). While we recognize the absence of direct evidence that the defendant entered into an

5

agreement to traffic cocaine, viewing the evidence in the light most favorable to the Commonwealth, the jury reasonably could have found that the defendant agreed to deliver the cocaine. The following facts support such an inference: (1) the informant contacted "her supplier" in the presence of the officers to arrange a cocaine delivery later that evening; (2) two Asian males were to make the delivery; (3) they would be arriving in a white Subaru with Rhode Island plates; (4) the men were identified by name, "Chanhda" and "Dewey," and, indeed, the defendant's first name is "Chanhda"; (5) a white Subaru arrived at the planned location with two Asian occupants, including the defendant; and (6) a plastic bag containing 444.8 grams of cocaine was on the floor of the back seat in plain view.

The defendant argues, however, that the facts described above prove only that he had knowledge of the cocaine in the car and that he intended to be present, which falls short of being sufficient to find him guilty of conspiracy to traffic in cocaine. See Commonwealth v. Deagle, 10 Mass. App. Ct. 563, 569 (1980). We disagree. As previously noted, the evidence supported a reasonable inference that the defendant, who had traveled from Rhode Island to Massachusetts with a large amount of cocaine and had been identified as one of the two people who would arrive in a white Subaru with the drugs, would have more than mere knowledge of the crime of trafficking.

6

We acknowledge that the evidence of conspiracy was not overwhelming, but we conclude nonetheless that the facts in the light most favorable to the Commonwealth are sufficient for a reasonable jury to find that the defendant was involved in a conspiracy to traffic in cocaine.[2]  Given our conclusion that the evidence was sufficient, there was no error and the defendant was not deprived of effective assistance of appellate counsel. Commonwealth v. Sullivan, 76 Mass. App. Ct. 864, 875-876 (2010).

Order denying second motion for new trial affirmed.

By the Court (Vuono, Henry & Wood, JJ.[3]),

*Paul Little*

Clerk

Entered:  August 19, 2025.

---

[2] In the defendant's reply brief, he relies on Commonwealth v. Bennefield, 373 Mass. 452 (1977), to support the assertion that the police finding contraband in the back of a car is not sufficient to prove a front-seat passenger's awareness of the item.  See id. at 453.  The Bennefield decision is distinguishable because there, during a routine police stop, the officer happened upon the contraband, id., whereas here the officer found the contraband during a drug surveillance operation where the contraband, suppliers, and vehicle were previously identified by an informant.

[3] The panelists are listed in order of seniority.